■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE THOMAS, JR., Appellant.— Appeal from a judgment of the County Court of Albany County, rendered February 22, 1972, convicting defendant, on his plea of guilty, of the crime of robbery in the first degree in violation of subdivision 2 of section 160.15 of the Penal Law. The issues before this court are whether the facts are sufficient to sustain a first degree robbery indictment and whether the trial court's ruling permitting an in-court identification of

the defendant based on the victim's observations at the scene of the crime was erroneous in the light of its ruling that a show-up identification soon after the crime was illegal. On the morning of November 15, 1971 the complaining witness was standing near the intersection of Columbia and Chapel Streets in the City of Albany when she was attacked from the rear by a man who grabbed her around the neck. The ensuing struggle lasted between a minute and a half to two minutes during which time the victim saw the face and clothing of her assailant who held a stiletto-type knife to her neck and threatened to kill her. She was able to clearly see a knife with an exposed blade. The assailant seized her purse and ran. On the basis of her description of a black youth wearing blue jeans and a blue jacket, the defendant was picked up nearby. The victim identified him as the culprit 15 or 20 minutes later as he sat in a police car. When the defendant was searched, the police found the change purse on his person. The knife was not recovered. As a result of a *Wade* (*United States* v. *Wade*, 388 U. S. 218) hearing, the victim's identification of the defendant while he was seated in the police car was ruled inadmissible. However, the court ruled that her in-court identification based on her observation during the attack was admissible, finding that the People had satisfactorily shown that this identification was not tainted by the intervening illegal show-up. The trial court also denied defendant's motion to dismiss the indictment on the grounds of insufficiency of evidence presented to the Grand Jury. Following these rulings, defendant entered a plea of guilty to the indictment, was found to be a narcotic addict and was sentenced to a term of eight years in the custody of the Department of Correction. Defendant's contention that the evidence before the Grand Jury was legally insufficient to sustain a robbery first degree indictment on the ground that it was not shown that defendant employed a deadly weapon, is without merit. He argues that there was no proof of the length of the blade or of the type of material of which it was made and therefore it cannot be assumed that it was a deadly weapon. A deadly weapon (as required to prove robbery in the first degree) includes a "switch-blade knife, gravity knife, dagger" (Penal Law, § 10.00, subd. 12). A "dagger" is defined in Black's Law Dictionary (4th ed.) as "Any straight knife, worn on person and capable of inflicting death, except pocket knife. Dagger is a generic term covering dirk, stilletto, poniard, etc." The evidence presented to the Grand Jury indicated that the victim was threatened with a "stiletto-type knife". This is sufficient to come within the meaning of the term "dangerous weapon" as defined in the Penal Law. Similarly, we find no merit in defendant's contention that the trial court erred in ruling that the victim could make an in-court identification based on her observation of the assailant during the commission of the crime. Since the victim had ample opportunity to observe the clothing and face of the defendant at close quarters, and there was no indication of uncertainty in her identification of her alleged assailant, the trial court could and did find that her observation at the scene of the crime provided an independent and untainted source for in-court identification. (See *People* v. *Hill*, 38 A D 2d 919; cf. *People* v. *Duncan*, 34 A D 2d 883.) Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.