■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT THOMPSON, Appellant.—Judgment unanimously reversed, on the law, and case remitted to Erie Supreme Court for further proceedings in accordance with the following memorandum: Defendant contends in this appeal that the trial court erred in refusing to allow him to withdraw his plea of guilty to criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). We agree. Defendant was indicted for the possession and sale of heroin, without having had a preliminary hearing. The bill of particulars furnished by the People recited that the crime took place between 11:00 P.M. and 12:00 midnight at Masten and Eaton Streets in the City of Buffalo. Thereafter the defendant entered a plea of guilty to the "sale" count in satisfaction of the entire indictment. During the plea proceeding defendant described the offense by stating that at about 9:00 P.M. on a date that he was unable to recall, he gave two bags of heroin to a person while he was in the Roosevelt Apartments at 12 Carlton Street. No question was raised by either party or the court concerning the disparities between defendant's admissions and the allegations contained in the bill of particulars. At the time of sentencing, defendant moved to withdraw the plea, stating that he had learned during the presentence interview with a probation officer that the crime charged took place at Masten and Eaton Streets and included a monetary exchange. He stated that he was not involved in that transaction. All of the circumstances herein are consistent with and lend support to defendant's position that at the time of his plea he was not aware of the alleged conduct which resulted in his indictment. It appears that defendant admitted criminal responsibility for acts which were not charged in the indictment. It cannot, therefore, be concluded that his guilty plea represented an intelligent and voluntary choice of alternatives *(North Carolina v Alford,* 400 US 25, 31); that it was entered with sufficient awareness of the relevant circumstances *(Brady v United States,* 397 US

742, 748; *People v Serrano,* 15 NY2d 304, 310); or that it was the product of a voluntary and rational decision *(People v Nixon,* 21 NY2d 338, 354). Defendant should be permitted to replead to the indictment. (Appeal from judgment of Erie Supreme Court convicting defendant of criminal sale of controlled substance, third degree.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.