■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. WARREN, Appellant.—Judgment, County Court, Albany County, rendered February 24, 1977, affirmed. No opinion. Sweeney, J. P., Mahoney, Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). Defendant pleaded guilty to the crime of robbery in the third degree and was sentenced to an indeterminate term of imprisonment of 0 to 3 years. The indictment alleges that the crime was committed by stealing a pocketbook and its contents from the victim by grabbing the pocketbook out of the victim's hand. The relevant plea proceedings contain the following colloquy: "THE COURT: The indictment charged that on or about the 13th day of November, 1976, at approximately 6:10 p.m. at Saint Jones Street in the City of Cohoes, you did forcibly steal property, namely at that time, date and place, you did steal a pocketbook from a woman by grabbing it from her; is that correct? THE DEFENDANT: Yes, sir. THE COURT: Did you do that? THE DEFENDANT: Yes, sir. THE COURT: Were you there at that time and place? THE DEFENDANT: Yes, sir. THE COURT: You tell me what happened. THE DEFENDANT: I just went by behind the lady and took it. THE COURT: Richard Warren, I ask you, how do you plead to the crime of robbery in the third degree, a Class [d] Felony? THE DEFENDANT: Guilty, sir." The gist of robbery is a larceny coupled with the use or threat of immediate use of physical force to overcome resistance or to compel surrender of property. The information elicited from the defendant cast doubt upon his guilt of the crime to which he pleaded guilty. The court was obligated to advise the defendant that his statement did not necessarily establish guilt of the crime and to make further inquiry as to the underlying circumstances of the event if indicated and the final disposition of his request to change his plea *(People v Serrano,* 15 NY2d 304; *People v Crawley,* 42 AD2d 586). Therefore, the conviction should be reversed and the matter remitted to permit the defendant to replead to the indictment.