■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MONK, Also Known as RALPH PERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 23, 1976, convicting him of robbery in the first degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Brown,* 59 AD2d 622). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MONK, Also Known as RALPH PERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 7, 1976, convicting him of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. The record reveals that, before accepting the plea of guilty in satisfaction of an indictment charging the defendant-appellant, *inter alia,* with murder in the second degree, Criminal Term informed the defendant of the rights he

would be waiving by pleading guilty, and then inquired as to what he had done to constitute the crime of manslaughter in the first degree. The defendant replied: "Well, I was wrestling over a gun. *I had a gun pulled on me and through the tussling and wrestling for the gun,* Bernard Felton [the decedent] had got shot" (emphasis supplied). The following colloquy ensued: "THE COURT: Did you shoot him? THE DEFENDANT: Yes. THE COURT: And you pled guilty because you shot Bernard Felton, is that right? THE DEFENDANT: Yes, sir." At this point the court accepted the plea without further inquiry and remanded the defendant for sentencing. He was sentenced (as a predicate felon) and appeals. We believe that the judgment appealed from must be reversed and the case remitted to Criminal Term for further proceedings on the indictment. Where, as in the case at bar, the court, at the plea hearing, elicits information from the defendant which casts doubt upon his guilt of the crime to which he is pleading, the court should not proceed to accept the guilty plea without further inquiry (see *People v Serrano,* 15 NY2d 304; cf. *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). It is, of course, possible that once advised by the court that his version of the crime is inconsistent with the charge to which he is pleading, the defendant might still wish to plead guilty, although adhering to his story, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment. Such a plea could be accepted. "The fact remains, however, that, before accepting a plea of guilt where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing" *(People v Serrano, supra,* p 310). Manifestly, no such cautionary effort was made here, thus mandating reversal of the judgment. We have considered defendant's remaining contention and find it to be lacking in merit (see *People ex rel. Ryan v Smith,* 50 AD2d 1078, app dsmd 40 NY2d 988; *People v Bryant,* 47 AD2d 51). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.