**Robert DAVIS, Petitioner,**

v.

**Robert J. HENDERSON, Superintendent of the Auburn Correctional Facility, Respondent.**

No. 78 Civ. 4911.

United States District Court, S. D. New York.

March 29, 1979.

---

Robert Davis, pro se.

Robert Abrams, Atty. Gen., New York City, for respondent; Ellen Marks, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The petitioner, indicted in the Orange County Court, State of New York, for robbery in the first degree and grand larceny in the third degree, pled guilty to the lesser offense of robbery in the second degree in full satisfaction of the indictment charges. He was sentenced as a second felony offender and is now serving a term of seven and one half to fifteen years imprisonment. Upon appeal the judgment of conviction was affirmed.[1] Thereafter leave to appeal to the Court of Appeals was denied.

Petitioner now seeks his release and the vacatur of the judgment of conviction by way of a federal writ of habeas corpus upon a claim that his plea was entered in viola-

tion of his federally protected right to due process of law under the Fourteenth Amendment. He alleges that his guilty plea was involuntary because it was without factual basis and he had not been informed of the essential elements of the offense.[2]

The guilty plea was entered immediately before the case was called for trial and when the State announced it was ready to proceed. The judge emphasized petitioner's right to a jury trial and also informed him that if he did plead to the lesser offense, because of a prior conviction, he would be subject to an increased penalty and that the sentence could be "as much as seven and one-half to fifteen years." Petitioner acknowledged that his plea was entered freely, voluntarily and after consultation with his counsel. Thereupon the Court, to establish the factual basis for the plea, asked: "Do you admit that on or about March 15th of this year that you forcefully stole from an individual in the Holiday Inn, the Town of Wallkill, a certain sum of money," to which petitioner responded in the affirmative. The Court continued: "Now, bearing in mind everything that I have said to you, do you plead guilty to the crime of robbery in the second degree?" The defendant affirmed, "I do, your honor." Thereafter, at the sentencing, the Court summarized the charges against petitioner—"this was a holdup in the nighttime, where you wore a mask, had a knife and held up the night manager . . . this was a violent crime . . . . You were found with the cash and you were found with a similar type of knife."

Petitioner's contention here centers about N.Y.Penal.Law § 160.10 (McKinney 1975), which provides:

Robbery in the second degree

A person is guilty of robbery in the second degree when he forcibly steals property and when:

1. He is aided by another person actually present; or

---

1. *People v. Davis*, 56 A.D.2d 986, 392 N.Y.S.2d 526 (2d Dep't 1977).

2. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

Petitioner's position is that there was no factual basis to establish the essential elements of second degree robbery under New York law and that his guilty plea was involuntary as a matter of law and thus constitutionally void.

As to the circumstances surrounding the entry of the plea, the attorney who represented petitioner has submitted a detailed affidavit which in substance states that prior to the change of plea from not guilty to guilty he had "an indepth discussion" with his client concerning the consequences of the change of plea from not guilty to guilty and that he indicated

> to the defendant that our office was prepared to vigorously defend the action in the event he wished to go to trial. The defendant had a prior criminal record and he was informed that he could receive increased punishment as a result of being a multi-felony offender. I further explained to the defendant that the original charge of robbery in the first degree was defined by the Penal Law as forcibly stealing property and when in the course of the commission of a crime he either causes serious physical injury to another person not participating in the crime or is armed with a deadly weapon or uses or threatens immediate use of a dangerous instrument or displays what appears to be a type of firearm. I indicated to the defendant that robbery in the second degree is committed when one forcibly steals property while aided by another

person actually present or while in the course of the commission of a crime or fleeing from the crime he or another participant causes physical injury to another not involved in the commission of the crime or displays what appears to be a firearm. The defendant indicated that he understood and that he was prepared to take his chances on entering a plea of guilty since he had in fact committed the crime with which he was charged. Defendant indicated that he had used a knife to obtain the money he had gotten from the night clerk at the place of the commission of the crime.

These factual allegations have not been challenged by petitioner. Thus the claim that the plea was "involuntary" presents a legal rather than a factual issue.

■ A threshold question, however, is whether petitioner exhausted available state remedies. It is fundamental that where a claim of federal constitutional infirmity of a state judgment of conviction is charged, it must first be presented to the state courts to permit them to correct the asserted deficiency. This reflects a basic policy of federal-state comity. As the Supreme Court put it: "We emphasize that the federal claim must be fairly presented to the state courts. . . . [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. . . . Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the *same claim* he urges upon the federal courts."[3]

■ The brief submitted to the Appellate Division on behalf of the petition to "set aside" the judgment of conviction contains five separate points, only the first of which

---

**3.** *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (emphasis supplied); *see Wilson v. Fogg,* 571 F.2d 91 (2d Cir. 1978); *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977) (en banc), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978); *Unit-* ed States ex rel. Gibbs v. Zelker, 496 F.2d 991, 994 (2d Cir. 1974); *United States ex rel. Nelson v. Zelker,* 465 F.2d 1121, 1124 (2d Cir.), *cert. denied,* 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972).

tangentially touched upon petitioner's claim here. It is headed: "Reversal of Mr. Davis' plea of guilty to robbery in the second degree is required as Mr. Davis' guilty plea was premised upon an admission of a crime that did not constitute robbery in the second degree." The argument centers about an interpretation of New York's second degree robbery statute and the essential elements to sustain it. Thus it was contended, based upon petitioner's admission coupled with the Court's statement at the time of sentence, that "[a]t most Mr. Davis admitted to robbery in the third degree under Penal Law, Section 160.05."[4] The abbreviated three-page argument is devoid of any claim of federal constitutional infirmity; no contention is made that the plea was "involuntary" nor is there the slightest suggestion of constitutional taint or denial of due process.[5] Absent a properly presented constitutional claim, a ready answer to petitioner's contention as presented to the state appellate court is that "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed."[6]

That no constitutional infirmity was clearly charged is also apparent from petitioner's further argument before the Appellate Division that "[i]n the alternative the Court should have refused to accept the plea," citing *People v. Serrano*.[7] The holding of *Serrano* is that where the defendant's version of events does not meet the essential elements of the crime charged, the Court may refuse the plea and order a trial, *or* it may advise the defendant that his admission is not consistent with the charge to which he is pleading, but that he could still plead guilty, if he so decided to avoid the risk of conviction upon a trial of the more serious charge set forth in the indictment; such a plea could be accepted by the Court.[8] The only other case cited in the brief, *People v. Beasley*,[9] would have entitled petitioner, if he had succeeded on appeal, "to a hearing on whether his guilty plea was knowingly and meaningfully entered," not a vacatur of the judgment of conviction—a remedy still available to him in the state courts.

Other considerations emphasize the requirement that petitioner exhaust state remedies. As already noted, he was indicted for robbery in the first degree and grand larceny in the third degree. Under the plea bargaining he was permitted to plead to robbery in the second degree. Upon the version of the facts as set forth at the plea and sentencing sessions, if sustained by the People upon a trial, defendant can be found guilty of first degree robbery.[10] Thus, assuming petitioner is successful in the state courts upon his present contention, he may decide to avoid the risk of conviction on the first degree robbery charge. "[O]nce . . . advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty, perhaps to avoid the risk of

---

4. Brief for Defendant-Appellant, at 15–17, *People v. Davis*, 56 A.D.2d 986, 392 N.Y.S.2d 526 (2d Dep't 1977).

5. *Cf. Wilson v. Fogg*, 571 F.2d 91, 92 (2d Cir. 1978).

6. *People v. Clairborne*, 29 N.Y.2d 950, 951, 329 N.Y.S.2d 580, 581, 280 N.E.2d 366, 367 (1972).

7. 15 N.Y.2d 304, 258 N.Y.S.2d 386, 206 N.E.2d 330 (1965).

8. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

9. 25 N.Y.2d 483, 307 N.Y.S.2d 39, 255 N.E.2d 239 (1969).

10. N.Y.Penal.Law § 160.15 (McKinney 1975):

Robbery in the first degree
   A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
1. Causes serious physical injury to any person who is not a participant in the crime; or
2. Is armed with a deadly weapon; or
3. Uses or threatens the immediate use of a dangerous instrument . . . .
*See* N.Y.Penal.Law § 10.00(12) (McKinney 1975) (defining "deadly weapon" to include "switchblade knife, gravity knife, dagger"); *id.* § 10.00(13) (defining "dangerous instrument"); *People v. Thomas*, 40 A.D.2d 913, 337 N.Y.S.2d 850 (3d Dep't 1972).

conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court." [11]

While petitioner's time to appeal from the judgment of conviction has expired, New York State affords him an available means by writ of error coram nobis to present his claim of violation of federal constitutional rights.[12]

Petitioner having failed to fairly present to the state court the constitutional claim here asserted to void the judgment of conviction, his application for a writ of habeas corpus is denied for failure to exhaust state remedies.

11. *People v. Serrano,* 15 N.Y.2d 304, 310, 258 N.Y.S.2d 386, 389–390, 206 N.E.2d 330, 333 (1965). *See also Caputo v. Henderson,* 541 F.2d 979, 983–84 (2d Cir. 1976); *Kelleher v. Henderson,* 531 F.2d 78 (2d Cir. 1976).

12. N.Y.Crim.Proc.Law § 440.10 (McKinney 1971). *See also Cameron v. Fastoff,* 543 F.2d 971, 977 (2d Cir. 1976); *People v. Almestica,* 42 N.Y.2d 222, 397 N.Y.S.2d 709, 366 N.E.2d 799 (1977).