■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK COWAN, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered July 9, 1976, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, defendant's guilty plea vacated and new trial ordered. At the time of this offense, defendant was an inmate of the Fishkill Correctional Facility. According to defendant, he and several other inmates went to his room where they drank and engaged in consensual sodomy. The theory of the People's case was that during the course of this gathering defendant turned his attentions to one George Fischer, who spurned his sexual advances and who was then forcibly sodomized and strangled to death by defendant. Defendant was indicted for intentional and felony murder and for sodomy in the first degree. On June 3, 1976 defendant offered to plead guilty to the crime of murder in the second degree under the first count of the indictment as part of an overall bargain he had reached with the prosecution. The plea was to cover the instant indictment as well as charges of escape, possession of weapons and robbery emanating from defendant's escape from jail. The plea also encompassed charges against defendant's girlfriend for bringing a weapon into jail that defendant had used to effectuate the escape. After discussing the scope of the plea bargain, defendant was informed of his rights. The court read the felony murder count of the indictment which charged, in substance, that defendant, while engaged in the commission of the crime of sodomy in the first

degree and in the *course of such crime and in furtherance thereof and immediate flight therefrom, caused the death of George Fischer, who was not a participant in the crime, by strangling Fischer with his hands.* The court informed defendant that it would not accept his plea unless he was in fact guilty, and then requested defendant to describe what had happened. In *People v Serrano* (15 NY2d 304) the Court of Appeals stated that the defendant's recital of the facts should clearly spell out all the requisite elements of the crime to which the plea is offered. In the event that "the defendant's story does not square with the crime to which he is pleading" the court should not proceed, without further inquiry, to accept the plea, and should take all precautions to assure that the defendant is aware of what he is doing *(People v Serrano, supra,* pp 308-310). Measured by this test, it is our opinion that defendant's narrative at the time of the plea was not consistent with the terms of the felony murder count of the indictment to which the plea was offered. Defendant admitted choking Fischer with his hands, but denied that was the cause of his death stating, "when I let him go he was all right * * * I choked him but didn't put the wire on him. He didn't die from nobody choking him with the hand. There was wire involved in it, and I didn't put the wire on him." However, the indictment charged that Fischer died because he was manually strangled by defendant. Defendant denied having anal sex with Fischer, claiming that he wanted to and tried to but that he ceased because "he [Fischer] changed his mind." The indictment charged that Fischer died during the course of the commission of sodomy in the first degree, the distinguishing feature of which, in this instance, was the element of "forcible compulsion" (Penal Law, § 130.50, subd 1; § 130.00, subd 8). Defendant's statement is inconsistent with the notion of forcible compulsion since it indicates that he attempted to but did not engage in an act of sodomy with the victim because of the latter's exercise of free will. Defendant's story was consistent only with the commission or attempted commission of consensual sodomy (see Penal Law, § 130.38), which crime is not one of the specified felonies which form the basis for felony murder (see Penal Law, § 125.25, subd 3). Under these circumstances it was the obligation of the court to refuse to accept the plea and to "advise the defendant that his admissions did not necessarily establish guilt of the crime to which he was pleading and to question him further both with regard to his story of the crime and as to the possible disposition of his request to change his plea" *(People v Serrano,* 15 NY2d 304, 309-310, *supra).* Once so advised defendant may still have wished to plead guilty in view of the fact that his bargain covered additional charges pending against both his girlfriend and himself (see *North Carolina v Alford* 400 US 25). In the absence of such an effort by the court to ascertain whether defendant knowingly and voluntarily wished to plead guilty despite the fact that his story did not establish his guilt, the judgment at bar must be reversed, the plea vacated, and the matter remitted for trial. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.