■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD THOMAS HARLAND, Appellant.—Appeal by defendant from two judgments of the County Court, Dutchess County, both rendered May 26, 1977, each convicting him of attempted assault in the second degree, upon pleas of guilty, and imposing sentences. Judgment under Superior Court Information No. 81/77, affirmed. No opinion. With respect to the appeal from the

judgment under Superior Court Information No. 79/77, the matter is remanded to the County Court, Dutchess County, to hear and report, with all convenient speed, in accordance with the following memorandum, and the appeal is held in abeyance in the interim. The hearing is to be conducted before a Judge other than the Judge who accepted the defendant's plea and imposed sentence, for the reason that he is a potential witness. On his appeal from the judgment rendered upon his guilty plea to Superior Court Information No. 79/77, defendant contends that his responses during the plea colloquy did not clearly spell out the crime to which the plea was offered, and that the plea was therefore improperly accepted (see *People v Serrano*, 15 NY2d 304). However, this court cannot properly review this argument. In a letter to this court dated January 28, 1980 the District Attorney of Dutchess County stated that the transcript of this plea "is missing" and the stenographer "has not been able to find any notes pertaining to a * * * plea of guilty" on this information. Although the District Attorney's letter goes on to summarize the recollection of the Assistant District Attorney who was present at the time of the plea, to the effect that defendant expressly admitted shooting at his wife, the issue raised by defendant should be resolved at a hearing where testimony by the parties with knowledge of the facts can be adduced. Accordingly, we remand for a hearing as to what transpired during the plea colloquy on Superior Court Information No. 79/77. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.