■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FORTUNA, Appellant. — Appeal by defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Booth, J.), imposed March 29, 1981 upon the granting of the People's motion to vacate a sentence of probation, the resentence being an intermittent prison term. Resentence modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to concurrent periods of probation of five years on the convictions of bribe receiving and receiving a reward for official misconduct and of three years on the convictions of conspiracy in the third degree and official misconduct, and the matter is remitted to the Supreme Court, Kings County, to fix the conditions of probation and for further proceedings so that execution of the judgment may be commenced or resumed. Under the circumstances, a sentence of probation is appropriate. Mangano, J. P., Gibbons, Rabin and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD THOMAS HARLAND, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered May 26, 1977, convicting him of attempted assault in the second degree, upon his plea of guilty to Superior Court Information No. 79/77, and imposing sentence. By order dated March 3, 1980, this case was remanded to the County Court, Dutchess County, to hear and report concerning what transpired during the colloquy in which defendant pleaded guilty to Superior Court Information No. 79/77 (People v Harland, 74 AD2d 831). The County Court (Ritter, J.) has not complied with that order. Judgment affirmed. No opinion. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MEL-NICK, Appellant. — Appeal by defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Booth, J.), imposed March 29, 1981 upon the granting of the People's motion to vacate a sentence of probation, the resentence being an intermittent prison term. Resentence modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to concurrent periods of probation of five years on the convictions of bribe receiving and receiving a reward for official misconduct and of three years on the convictions of conspiracy in the third degree and official misconduct, and the matter is remitted to the Supreme Court, Kings County, to fix the conditions of probation and for further proceedings so that execution of the judgment may be commenced or resumed. Under the circumstances, a sentence of probation is appropriate. Mangano, J. P., Gibbons, Rabin and Cohalan, JJ., concur.

## (September 16, 1981)

■ In the Matter of CHARLES N. and Another. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; BRIANNE N., Respondent-Appellant; CHARLES N., Respondent. — In a proceeding pursuant to article 10 of the Family Court Act for an adjudication of child neglect, the petitioner and the respondent Brianne N. cross-appeal (by permission) from an order of the Family Court, Nassau County (Diamond, J.), entered July 23, 1981, which, after a fact-finding hearing, adjudicated Jessica N. and Charles N. to be neglected children, and ordered them placed in the "temporary custody" of petitioner, "with physical custody to the parents", pending a dispositional