■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HORAN, Appellant. — Judgment of the Supreme Court, Kings County (Lodato, J.), rendered May 2, 1979, affirmed. (*People v Warren,* 47 NY2d 740, affg 59 AD2d 977.) Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. MOTTOLA, Appellant. — Judgment of the County Court, Nassau County (Baker, J.), rendered January 26, 1982, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NELSON, Also Known as MITCHELL NELSON, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered January 12, 1981, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIAN ORLOWSKI, Appellant. — Judgment of the Supreme Court, Queens County (Kunzeman, J.), rendered March 10, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD THOMAS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Hickman, J.), rendered September 18, 1980, convicting him of robbery in the first degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment on the ground that his right to a speedy trial was violated. Judgment affirmed. Initially, we note that defendant has forfeited his statutory claim pursuant to CPL 30.30. He cannot preserve his statutory speedy trial claim for appellate review by obtaining the consent of the prosecutor and approval of the court at the time the plea is entered (see *People v O'Brien,* 56 NY2d 1009). In any event, it is clear that the prosecution was ready for trial within the prescribed statutory period (see *People v Brothers,* 50 NY2d 413). Considering the relevant criteria set forth in *People v Taranovich* (37 NY2d 442), we find that defendant's constitutional speedy trial claim also has no substantial merit. We have considered defendant's remaining arguments and find they have no merit. Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.