■ In the Matter of BRUCE B., Appellant. — Appeal from a dispositional order of the Family Court, Queens County (Corrado, J.), dated May 3, 1984, which, upon a fact-finding determination of the same court, made upon appellant's admission that he committed an act, which if committed by an adult, would have constituted the crime of assault in the first degree, placed appellant in the custody of the Division for Youth for two years. The appeal brings up for review said fact-finding determination.

Order of disposition reversed and fact-finding determination vacated, on the law and the facts, without costs or disbursements, and matter remitted to the Family Court, Queens County, for further proceedings on the petition.

Appellant was charged with stabbing one Dennis Dillard with a knife during an altercation with Dillard and another, which arose after they bumped into one another on the street. The charged act would have constituted assault in the first degree if committed by an adult; appellant was also charged with committing an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, a *class* A misdemeanor. Appellant's retained counsel stated on the record "We certainly have a defense to the assault. But the possession of the weapon would — there's no way I can see that he would be able to beat that". Counsel then advised appellant

to make an admission to committing an act, which if committed by an adult would have constituted the crime of assault in the first degree. This is a "designated" felony act (Family Ct Act § 301.2 [8] [ii]); a finding of commission of such an act permits the court to order restrictive placement (Family Ct Act § 353.5). Counsel received no assurance, prior to the admission, that his client, who had no prior legal involvement, would receive anything less than the most severe disposition permitted by the statute. Immediately after the admission was made, counsel informed the court that the incident occurred during a fight, when appellant was "jumped by other boys". Counsel further noted, "He was under duress at the time he was being attacked for whatever it's worth". The court replied, "Allright, probation can hear that", and counsel responded "Yes, okay."

The appellant's parents were not present during the dispositional hearing (Family Ct Act § 341.2 [3]). Counsel waived their presence. The court then considered the various dispositional suggestions. The probation department recommended nonrestrictive residential placement, and so did a psychiatrist. Only the Assistant District Attorney urged restrictive placement, and she sought the maximum period of such placement. Counsel for appellant noted that "a taste of something" would "straighten him out". The court, *inter alia,* ordered that appellant be placed in a secure facility for the maximum period permitted by the statute.

Under the circumstances, appellant was not afforded adequate representation by counsel (*Strickland v Washington,* 466 US 668, 104 S Ct 2052; *People v Baldi,* 54 NY2d 137). The failure of appellant's counsel to assist him is clearly demonstrated in the record (*cf. People v Love,* 57 NY2d 998). Counsel confused the defense of justification with the affirmative defense of duress, and urged his client to admit to a designated felony act because it appeared that there was no defense to the misdemeanor charge of criminal possession of a weapon in the fourth degree. At the dispositional hearing, counsel acted as an advocate for the District Attorney.

We further note that the Family Court Judge should have conducted a more thorough allocution of appellant when it became apparent that he might be forgoing a viable justification defense (*People v Serrano,* 15 NY2d 304; *Matter of John R.,* 71 AD2d 896). Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.