■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BASCIANO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 21, 1982, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant, proceeding *pro se,* questions the adequacy of the plea allocution. In the course of the trial court's inquiry, defendant initially affirmed that he understood his rights at trial, which he was waiving, and further acknowledged that his guilty plea was uncoerced and voluntarily given, but then sought to minimize his participation in the burglary by failing to admit that he had entered the building, a requisite element of the crime charged. After advising defendant that his limited admissions did not establish the crime charged, the court then ascertained and reviewed with defendant the evidence against him, again advised defendant of his right to a jury trial and pointed out that he had the option of pleading guilty or going to trial, but that if tried and convicted he risked the possibility of a harsher sentence. After discussing the matter further with his attorney, defendant expressed a desire to continue to plead guilty, and did so.

Inasmuch as defendant "neither moved to withdraw the plea before sentencing nor raised the issue by a motion to vacate the judgment of conviction", his challenge to the adequacy of the plea allocution has not been preserved for review *(People v Claudio,* 64 NY2d 858, 858-859). Were we to reach the merits, however, we would conclude that defendant knowingly and voluntarily entered a valid *Alford* plea *(see, North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304).

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.