**Jeff GUARINO, Plaintiff,**

v.

**W. DUNHAM, Superintendent, Arthur Kill Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Defendants.**

**No. 85 CV 0326 (ERK).**

United States District Court,
E.D. New York.

July 9, 1986.

Leonard J. Levenson, New York City, for plaintiff.

Patrick Henry, Dist. Atty., Suffolk County by Patricia Harrington, Asst. Dist. Atty., Hauppauge, N.Y., for defendants.

## OPINION

KORMAN, District Judge.

Petitioner, Jeff Guarino, is serving a term of imprisonment of seven to twenty-one years pursuant to a judgment, entered in the Supreme Court of the State of New York (Suffolk County), convicting him of Robbery in the first degree. The judgment of conviction was affirmed by the Appellate Division of the Second Department on July 12, 1982, (*People v. Guarino*, 89 A.D.2d 825, 452 N.Y.S.2d 972) and leave to appeal to the Court of Appeals was denied on August 8, 1982 (57 N.Y.2d 685, 454 N.Y. S.2d 1047, 440 N.E.2d 541). This petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2254, mirrors the brief filed in petitioner's unsuccessful appeal from the judgment of conviction. Specifically, petitioner challenges the judgment of conviction on the grounds, inter alia, that he was denied his right to counsel of his choice.[1]

---

1. Petitioner also challenged his conviction on the grounds (1) that the verdict of guilty was not based on substantial evidence and violated his due process rights and (2) that he was convicted by use of illegally seized evidence. All three arguments were considered and rejected in an unpublished memorandum and order dated February 26, 1986. This opinion is an edited and revised version of that memorandum and order.

■ The record of the trial shows that in the middle of jury selection, petitioner's attorney apprised the trial judge that petitioner "still wishes to plead guilty to the charge of robbery in the first degree under the indictment" and "also that he has an attorney from Brooklyn coming out to be substituted for me" (Tr. 485). Petitioner, however, apparently did not even know the name of the attorney to be substituted (Tr. 493). Moreover, the only reason given by the petitioner for the desired substitution was his attorney's apparently candid advice regarding the likelihood of conviction in a case in which the evidence was overwhelming,[2] and in which petitioner offered to plead guilty both before and after his effort to replace counsel. Under these circumstances, the denial of his motion for a continuance for the purpose of allowing the substitution of counsel did not violate his right to counsel of his choice. *United States ex rel. Baskerville v. Deegan,* 428 F.2d 714, 716–717 (2d Cir.) *cert. denied,* 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970), and cases cited therein.

■ More troubling, and arguably related to this claim, is the manner in which petitioner's attorney participated in depriving him of the substantial advantage of a plea bargain that had been entered into with the District Attorney in which petitioner would have pled guilty to Robbery in the first degree.[3] Although this was the same offense of which he was ultimately convicted, under the terms of the agreement with the District Attorney he would have received a sentence of from four to twelve years in contrast to the sentence of seven to twenty-one years which was imposed.

The record shows that, during the allocution which accompanied the taking of a guilty plea, petitioner was in the process of explaining that he and his accomplices had been driving around Long Island on the date of the crime and that they decided to rob Idone's Jewelry store. The following colloquy then ensued (Tr. 455):

DEFENDANT GUARINO: Well, we were drinking. We seen one of the small stores. We decided to do it.

THE COURT: Were you drunk?

DEFENDANT GUARINO: Yes, I was.

THE COURT: That's it.

MR. O'LEARY: You were drunk?

DEFENDANT GUARINO: Yes, I was drunk.

MR. O'LEARY: Let's go to trial.

MR. FELDMAN: People are ready for trial, Judge.

The termination of the plea allocution at this point, because petitioner stated he was drunk when the offense was committed, was plainly premature. The fact that the defendant was "drunk" would, in the words of the trial judge's instruction to the jury, "not, in and of itself, [constitute] a defense to a criminal charge" (Tr. 824). The question was not whether the defendant "was drunk or intoxicated, but whether his condition was of such a character that it destroyed the power to form a particular intent, which is a necessary element of the crime of robbery" (Tr. 824–5). *People v. Leonardi,* 143 N.Y. 360, 365, 38 N.E. 372 (1894); *People v. Cintron,* 74 A.D.2d 457, 428 N.Y.S.2d 267 (2d Dep't.1980).

The particular "intent" at issue, as the judge later charged the jury, was "that the defendant stole the property with the intent to deprive another of it or to appropriate it to himself" (Tr. 850). A reading of the record suggests that there was no serious issue regarding petitioner's ability to form the requisite intent.[4] Petitioner did not take the stand to support the "defense" of intoxication and petitioner's counsel did

---

**2.** The evidence against the petitioner included (1) the fact the car used in the getaway was registered in the name of petitioner's father, (2) incriminating admissions made by petitioner after his arrest, (3) an eyewitness identification, and (4) the testimony of an accomplice which directly implicated petitioner.

**3.** The quality of counsel representing a defendant seeking to substitute counsel is relevant in considering whether the application to substitute should have been granted after the trial has begun. *Sapienza v. Vincent,* 534 F.2d 1007, 1010 (2d Cir.1976).

**4.** The record was accurately described in the summation of the District Attorney (Tr. 781):

not allude to the defense of intoxication during his incoherent summation. Under these circumstances, petitioner's statement during the guilty plea allocution, that he was "drunk" when the commission of the offense was planned, called for something more than the "Let's go to trial" response from his attorney.

Moreover, even if there had been a basis for the defense of intoxication, the petitioner could have chosen to waive the defense and plead guilty. The New York Court of Appeals has held that the more appropriate procedure in cases of this kind is for the judge "to advise the defendant that his admissions did not necessarily establish guilt of the crime to which he was pleading and to question him further both with regard to his story of the crime and as to the possible disposition of his request to change his plea." *People v. Serrano*, 15 N.Y.2d 304, 309–310, 258 N.Y.S.2d 386, 206 N.E.2d 330 (1965). Once advised that his version of the crime is not consistent with the charge to which he is pleading, "a defendant might still wish to plead guilty, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court" (15 N.Y.2d at 310, 258 N.Y.S.2d 386, 206 N.E.2d 330). Accord: *People v. Francis*, 38 N.Y.2d 150, 379 N.Y.S.2d 21, 341 N.E.2d 540 (1975).

The appropriate procedure, as outlined by the Court of Appeals, was not followed here because petitioner's counsel was obviously operating under a serious misapprehension of the applicable law and procedure regarding the acceptance of guilty pleas. Under these circumstances, an issue is raised whether petitioner was denied the effective assistance of counsel because of the failure of his attorney to offer to expressly waive the "defense" after consulting with the petitioner, or by the failure of his attorney to elicit, or seek to have the judge elicit, the fact that petitioner was not so intoxicated as to have been unable to form the requisite intent.[5] Instead, the record suggests the rather bizarre picture of a defendant denied the advantages of a beneficial plea bargain because of the existence of a potential defense which, as a matter of fact, he did not have and which his attorney did not even argue to the jury.

This argument regarding the effectiveness of counsel, while arguably related to petitioner's claim regarding the denial of his right to counsel of his choice, was not raised on appeal from the judgment of conviction or in a post-conviction attack on the judgment of conviction. Indeed, the issue as framed above was not even raised in the instant petition. Under these circumstances, the petitioner should be required to raise this claim in a proceeding pursuant to N.Y.C.P.L. § 440.10. *United States ex rel LaSalle v. Smith*, 632 F.Supp. 602 (E.D. N.Y., 1986).

---

"You have heard the words 'intoxication, drunk.' You heard the witnesses state that these people were not intoxicated; that they didn't act in any way out of control, and you heard the defendant Santostefano, himself, state that they were not intoxicated; that they knew what they were doing when they committed the crime."

5. Cf. *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), in which the Supreme Court held that the same standard which applies generally to evaluating claims that counsel has been ineffective applies "to challenges to guilty pleas based on ineffective assistance of counsel" (—— U.S. ——, 106 S.Ct. at 370).