■ The People of the State of New York, Respondent, v Terry Ball, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's plea was knowingly and voluntarily made. At the plea colloquy, although defendant first denied that he was present at the scene of the crime, he ultimately admitted facts constituting all of the essential elements of the crime of kidnapping in the first degree. He stated that he was at the scene of the crime, that he brought the gun to the scene and gave it to his accomplice, that he choked the victim for the purpose of preventing his discovery or escape, and that the victim was shot by his accomplice. Unlike the case of *People v Serrano* (15 NY2d 304), cited by defendant, here, defendant's final recitation of the facts did not indicate that he might not be guilty of the crime charged.

We do not reach defendant's second issue on appeal, whether his suppression motion was improperly denied, because the record shows that defendant knowingly and voluntarily waived his right to appeal on that issue *(see, People v Seaberg,* 74 NY2d 1). (Appeal from Judgment of Oneida County Court, Buckley, J.—Kidnapping, 1st Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.

■ Robert Ragan, Respondent, v Passero Associates, P. C., et al., Appellants.—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Stone, J. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Partial Summary Judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.