OPINION OF THE COURT
Kerry R. Trainor, J.
Motion for an order pursuant to CPLR 3212 directing the entry of summary judgment in the above abuse and neglect proceeding is granted, it appearing to the satisfaction of the court that there is no triable issue of fact outstanding with respect to the derivative neglect of the child, Bobbie Jo M. (See, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178 [1994].)
The above motion was calendered for submission on April 3, 1998. Said motion was submitted without opposition. The court is satisfied that the allegation of neglect of the child, Bobbie Jo M., is established by the finding of abuse of her stepsister, Tina M., therefore, the petition bearing docket No. N-1132-94 is established.
The facts of the case are as follows: On January 7, 1997, the respondent, Joseph M., with his attorney present, consented to a finding of abuse as to his stepdaughter Tina M., pursuant to Family Court Act § 1051 (a) (under docket No. N-1130-94). Additionally, on January 7, 1997, Joseph M. and his wife Ann M. were given an adjournment in contemplation of dismissal (ACOD) with respect to the then pending derivative neglect petitions regarding Bobbie Jo M. On December 23, 1997 Child Protective Services brought on a petition alleging that the respondent was in violation of the conditions set forth in the ACOD regarding Bobbie Jo. Specifically, respondent failed and refused to attend and participate in psychotherapy and family counseling sessions required as conditions of the ACOD. On February 6, 1998 the original petition was restored to the calender. On March 6, 1997 Child Protective Services brought on the instant motion by order to show cause.
The court finds that respondent’s section 1051 (a) consent is akin to a Serrano or Alford plea in a criminal matter. (See, People v Serrano, 15 NY2d 304 [1965].) In such a case the defendant does not admit to the acts alleged in the indictment but, rather, pleads guilty to avoid the risks involved in a trial. In Merchants Mut. Ins. Co. v Arzillo (98 AD2d 495, 506 [2d Dept 1984]), the Second Department found: “While it is true that in a Serrano-type guilty plea there is no admission, as such, of the facts justifying the conviction, it is manifest that a *523 defendant entering such a guilty plea, like any defendant entering a conventional guilty plea, chooses, for reasons which he deems good and sufficient, not to avail himself of the opportunity to contest the facts underlying the charge against him * * * The fundamental principle * * * of issue preclusion is that, in the public interest, a party shall not be heard a second time on issues previously determined and issues which, although not expressly litigated and determined, are included, comprehended and involved in the matter expressly litigated and determined.”
The Court of Appeals in Serrano (supra) stressed the importance of the precautions the court must take in accepting a guilty plea. The court must insure that the defendant is fully aware of the ramifications of entering a guilty plea. A review of the record of the section 1051 (a) proceeding clearly shows that Joseph M., with advice of counsel, fully understood the resultant consequences of consenting to the entry of a finding of abuse. Additionally, the record shows respondent understood the ramifications of the ACOD as to Bobbie Jo and, with advice of counsel, understood the consequences of any violation of said ACOD. The respondent’s colloquy with the court on January 7, 1997 sets forth that respondent, during the allocution, was advised that if he had not consented to a finding he would have had the right to a hearing and the county would have had to produce evidence against him. Respondent was also given repeated opportunities to revoke his consent and/or to advise the court or his attorney that the consequences of such consent were not acceptable to him.
Respondent did not revoke his consent and, accordingly, a finding of abuse as to his stepdaughter was entered against him.
The finding of such abuse is sufficient to establish the neglect of the sibling (see, Matter of Christina Maria C., 89 AD2d 855 [2d Dept 1982]). The entry of a finding of abuse as to one sibling is clearly sufficient to establish that another sibling is a neglected child (see, Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr., 191 AD2d 694 [2d Dept 1993]; Matter of Rasheda S., 183 AD2d 770 [2d Dept 1992]).
Based on the above, there are no triable issues of fact outstanding with respect to a finding of derivative neglect of Bobbie Jo, therefore, summary judgment is clearly appropriate herein (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). Accordingly, for the reasons set forth, the *524 motion filed on March 9, 1998 by petitioner Child Protective Services on behalf of Bobbie Jo M. pursuant to CPLR 3212 for summary judgment is hereby granted.