[703 NYS2d 265]

In the Matter of GERARD P. McLOUGHLIN (Admitted as GERARD PETER McLOUGHLIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 28, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran*, Syosset, for petitioner.

*Carl C. Banno,* Mineola, and *Stephen P. Scaring*, Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing one

charge of professional misconduct. In his answer, the respondent admitted the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee failed to sustain the charge. The Grievance Committee now moves to disaffirm the Special Referee's report, and the respondent cross-moves to confirm it.

Charge One alleged that the respondent engaged in illegal, corrupt, and unethical conduct; conduct prejudicial to the administration of justice; and conduct adversely reflecting on his fitness to practice law by being convicted of a crime.

On or about July 20, 1998, the respondent pleaded guilty in the County Court, Nassau County, to attempted petit larceny, a class B misdemeanor, before the Honorable Judge Abbey L. Boklan. The plea was entered pursuant to *People v Serrano* (15 NY2d 304) with the consent of the Nassau County District Attorney's office. The respondent was sentenced on October 26, 1998.

The Special Referee should have sustained Charge One. The certificate of conviction is prima facie evidence of the respondent's criminal conviction. Although the respondent pleaded guilty pursuant to *People v Serrano (supra)*, without admitting his guilt, he nonetheless was convicted of a misdemeanor *(see, Matter of Hopfl,* 48 NY2d 859; *Matter of Weinfeld,* 72 AD2d 443).

The respondent's prior disciplinary history consists of three letters of admonition and a letter of caution, all of which concerned neglecting legal matters and/or failing to communicate with his clients.

In determining the appropriate measure of discipline to impose, the respondent asks the Court not to consider his prior disciplinary history. The respondent contends that his previous failure to communicate with his clients was due to the dissolution of his partnership and his wife's illness. He alleges that since the prior disciplinary measures were taken, he has reorganized his practice and taken remedial steps, including installing a computer system, to prevent a recurrence of those events. The respondent also asks the Court to consider the character evidence presented by him at the hearing.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, O'BRIEN, S. MILLER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to disaffirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Gerard P. McLoughlin, is suspended from the practice of law for a period of two years, commencing March 29, 2000, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gerard P. McLoughlin, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.