Samuel S. Leibowitz, J.
In this coram nobis proceeding the petitioner, Jerome L. Rosenberg, hereinafter referred to as the defendant, moves to set aside and vacate the judgment convicting him and his codefendant Anthony Portelli, of murder in the first degree. He alleges that his right to a fair trial was violated by the prosecution’s suppression of the negative result *2 of an ultraviolet light test by police officers, of his person, which the defendant alleges was vital information favorable to him at his trial.
His conviction was affirmed by a unanimous decision of the Court of Appeals (15 N Y 2d 235). Certiorari was denied by the United States Supreme Court (382 U. S. 1009).
The Governor commuted the death sentence to life imprisonment.
Upon the trial the evidence disclosed that the defendant during the holdup took from a counter in the premises an ink stained towel used to clean a revenue stamp canceling machine, and covered his face with it. He was then wearing a fedora hat and sunglasses with identifying initials on the earpieces. "While the holdup was in progress, two nonuniformed police officers entered the establishment. The officers were shot and killed. The robbers then fled. In a refuse can, about a block away from the scene of the holdup, the authorities discovered the towel, the spectacles and the fedora hat which a haberdasher testified had been sold to this defendant.
Upon the trial there was no claim made by the prosecutor, either directly or inferentially, that any ink stains from the towel had been found upon the defendant.
From the credible evidence adduced upon the hearing, the following essential facts are established: The defendant was not taken into custody until the evening of the fifth day after the murders. On the morning following-, at a police station, before proceeding to the arraignment court, two detectives from the Laboratory Squad of the Police Department inspected the defendant with the aid of an ultraviolet light — to determine whether any stains from the towel had left an imprint upon this defendant. The investigators found none and, in words or substance, the defendant was fully apprised of the negative result by the detectives.
Nonetheless, the defendant now maintains that it was the duty of the prosecutor to inform his counsel of the negative result of the test. Therefore, he asserts that his constitutional right to a fair trial was invaded and his conviction should be voided.
‘ ‘ It can be said that the prosecution must not act in an essentially unfair way. But this is an area in which the question of fundamental fairness depends so much upon the facts of the particular case that a precise rule cannot be devised. ’ ’ (United States v. Dye, 221 F. 2d 763, 769; Barbee v. Warden, 331 F. 2d 842.)
Evidence is not suppressed or withheld if the accused has knowledge of the facts and circumstances, or if they otherwise *3 become available to him during the trial (United States v. Dye, supra).
The defendant states that he did not make disclosure to his attorneys concerning the test and its result because he i ‘ did not know the law ”. The court rejects this as an excuse. He was represented upon the trial by four experienced criminal lawyers. Not one of his attorneys was called to corroborate his claim that he had not disclosed the facts to him. If the defendant did not inform his attorneys, then it is his responsibility and he must bear the legal consequences. He may not now complain about the suppression of evidence of which he had knowledge but which he did not communicate to counsel.
There must be a denial of the application on further grounds. The defendant’s contention is that the passive nondisclosure by the prosecutor of the ultraviolet light test and its negative result having been shown, that in itself, as a matter of law, sustained the burden of proof. This is not so. Mere nondisclosure per se is insufficient (Smith v. United States., 277 F. Supp. 850, 860). This is not a case of the knowing use of perjured testimony or the intentional suppression of evidence as in Miller v. Pate (386 U. S. 1); Napue v. Illinois (360 U. S. 264); People v. Savvides (1N Y 2d 554); People v. Creasy (236 N. Y. 205). The rule in passive nondisclosure cases is that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material, either to guilt or punishment (Brady v. Maryland, 373 U. S. 83, 87; United States ex rel. Almeida v. Baldi, 195 F. 2d 815). This does not mean that the prosecution is required to disclose every shred of evidence in its possession which an accused construes as favorable (United States ex rel. Thompson v. Dye, 123 F. Supp. 759, 762). In Giles v. Maryland (386 U. S. 66, 98), Justice Fobtas said: “ It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information. ” Brady v. Maryland, {supra) established that the focus of the inquiry is on the prejudice to the defendant by reason of the suppression to insure a fair trial to the defendant (Jackson v. Waimvright, 390 F. 2d 288, 295). With respect to the degree of prejudice required to be shown, the court in Barbee v. Warden (331 F. 2d 842, 847, supra), said: “ How strong a showing [of prejudice] is required in a given case will depend on the nature of the charge, the testimony of the state, and the role the undisclosed testimony would likely have played. ” (See also, Kyle v. United States, 297 F. 2d 507.)
The defendant has utterly failed to show in what way he was prejudiced by the “nondisclosure of evidence As heretofore *4 stated, he had been at large for five days and, by his own admission had washed himself during that period. The test was performed the morning following his surrender to the police. If at that time there were found a red ink stain on his face or hands such evidence would have been material and relevant. On the other hand, the absence of red ink stains on him after he had washed proved nothing by way of guilt or innocence. He might have had in his hand or applied to his face that part of the towel which had no ink on it, or the ink on the towel might have dried. Such matters are purely speculative. The point is that under the circumstances the negative result of the test was not material to the issue of guilt, was not exculpatory and was not in conflict with other evidence adduced by the prosecution.
After carefully reviewing all of the evidence, it is clear that the defendant was not prejudiced in his defense, that he received a fair trial and there was no denial of due process of law.
It is unnecessary to review the overwhelming evidence of guilt in detail. The Court of Appeals, in affirming the judgment of conviction (15 N Y 2d 235, 238), conservatively stated: “ The proof adduced upon the trial is more than sufficient to support the jury’s verdict that the defendants are guilty of felony murder and * * * we find no errors of law”.
The burden of proof of his allegation of suppression is upon the defendant (People v. Wolfson, 9 A D 2d 940; People v. Manasek, 20 A D 2d 661). Having failed to sustain that burden the application must be denied.
The District Attorney is directed to submit an order and to serve a copy of the same with notice of entry thereof and a copy of this decision upon the defendant at the place where he is confined.