■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant.—Judgment, Supreme Court, New York County, rendered February 24, 1977, convicting defendant, on his plea of guilty, of attempted robbery in the third degree and sentencing him as a second felony offender to a term of imprisonment of one and one-half to three years, is unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). The only issue on this appeal is whether the court should have suppressed a wallet seized from defendant by a police officer on the ground that the search of the defendant was unlawful. When the police officer saw two men being chased by two "block watchers" as the two men ran from the scene of a "commotion," and the defendant, identified as one of the two men, furtively tried to get away from the police, the police were justified in stopping and detaining the defendant for questioning. A minute or two later the victim of the robbery appeared and said he had just been robbed at the scene of the "commotion"—i.e., the "commotion" was the robbery—by two men who fled when he yelled. At this point, we find that the police had probable cause to believe that the two fleeing men, including the defendant, had committed the robbery, and thus they had probable cause to arrest, despite the inability of the victim to make an identification. Probable cause to arrest and to search need not rise to the level of proof beyond a reasonable doubt or even a prima facie case. It is enough that apparently reliable information comes to the police on the basis of which the police officer reasonably believes that the defendant has probably committed a crime. Concur— Evans, J. P., Sandler, Sullivan, Lane and Silverman, JJ.