■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN BENNETT and PATRICK SWEENEY, Respondents.—Order of the Supreme Court, Queens County, entered February 21, 1979 granting defendants' motion to suppress physical evidence reversed, on the law and the facts, and the motion to suppress physical evidence denied. This appeal from the Criminal Term of the Supreme Court, Queens County, was transferred to this court by order of the Appellate Division, Second Department, dated July 9, 1979. On February 10, 1978 Police Officer Alfano observed defendant Bennett double park his car in front of an antique shop listed in police records as a "known fencing operation". Bennett left the car carrying with him a shopping bag

from which there protruded a shiny object. As Alfano, who was in plain clothes, walked toward the double parked vehicle, Bennett exited from the store without the shopping bag. Alfano asked Bennett for his license and registration. While Bennett was in the process of handing these documents to the police officer, Alfano shone his flashlight into the car. In plain view in the rear of the vehicle he saw two filled pillowcases. The police officer asked Bennett what was in them, to which the response was "rags". To emphasize his point Bennett opened the rear door and lifted one of the pillowcases. As he did so Alfano heard the clank of metal upon metal. Bennett was directed to open the pillowcases. When he did so Alfano observed jewelry, silverware and the shield of a Supreme Court Justice. Bennett was asked whether he was a Supreme Court Justice and when he replied in the negative Alfano placed him under arrest. He then took him into the store to investigate the contents of the shopping bag which Bennett had left there. There he encountered defendant Sweeney, the proprietor of the antique store, to whom Alfano identified himself. When he sought to inquire as to the contents of the shopping bag, Sweeney became abusive and endeavored to eject the police officer. He was arrested for obstructing governmental administration. Alfano then proceeded to the rear of the store where he located the shopping bag which was found to contain silverware and other stolen property. The motion to suppress was directed to the physical evidence found in the pillowcases and the shopping bag. It was granted by Criminal Term. We reverse. The double parked car was a violation both of law (Vehicle and Traffic Law, § 1202, subd [a], par 1, cl a) and of the traffic regulations. Hence, the stop of Bennett by Alfano was justified (cf. *People v Ingle,* 36 NY2d 413). When, in response to the officer's inquiry, Bennett replied that the pillowcases contained rags, a fact belied by the result of Bennett's act in lifting one of the pillowcases, Alfano had a reasonable basis for examining the contents. The disclosure with the attendant admission by Bennett that he was not a Supreme Court Justice gave rise to probable cause to believe that a crime had been committed and that Bennett had committed it. "Probable cause to arrest and to search need not rise to the level of proof beyond a reasonable doubt or even a prima facie case. It is enough that apparently reliable information comes to the police on the basis of which the police officer reasonably believes that the defendant has probably committed a crime" *(People v Rivera,* 67 AD2d 867). The consequent arrest was, therefore, legal and proper. Having concluded that Bennett had committed a crime the officer had, at the very least, a reasonable suspicion that the shopping bag left in the antique shop contained some of the fruits of that crime. Thus, Alfano in entering the store to investigate was far from an officious intermeddler. He was a police officer pursuing his sworn duty to investigate a known crime even though he may not then have known who the victim of that crime was. The right to investigate did not flow from Sweeney's abusiveness or his endeavor to eject the officer, although that may have lent emphasis to the duty. In short, given the known facts, Alfano acted in a reasonable manner. Accordingly, the search was a valid one and its fruits should not have been suppressed. Concur—Sandler, J. P., Bloom, Lupiano and Silverman, JJ.