■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BRUNO and ALAN MELTZER, Appellants.—Appeals by defendants from four judgments, two as to each of them, of the Supreme Court, Kings County, all rendered November 9, 1978, convicting them of (1) one count of robbery in the first degree in full satisfaction of Indictment No. 390-78, and (2) one count of robbery in the first degree in full satisfaction of Indictment No. 621-78, upon their pleas of guilty, and imposing sentences. Judgments affirmed. By separate indictments, the appellants were jointly charged with having robbed the occupants of a grocery store and a car service establishment. After lengthy plea negotiations the appellants admitted the robbery at the car service and pleaded guilty to one count of robbery in the first degree in full satisfaction of that indictment. The appellants also pleaded guilty, without an accompanying admission, to one count of robbery in the first degree in full satisfaction of the indictment which stemmed from the robbery at the grocery store. On appeal it is argued that, *inter alia,* the latter guilty pleas should be vacated because the record contains no underlying factual basis.* The judgments should be affirmed. The two essential elements of a valid guilty plea are that it is made knowingly and voluntarily. The instant record leaves no doubt that these elements were fully satisfied. The guilty pleas were offered after various preliminary proceedings and lengthy plea negotiations. The defense attorneys represented that based upon these prior proceedings, their discussions with the District Attorney's

---

* This argument has been raised only by appellant Meltzer. However, since the pleas were jointly entered, we have considered the argument as applicable to both appellants.

office, their years of experience, and after full consultation with their clients, the defendants had decided to plead guilty pursuant to the holdings of *North Carolina v Alford* (400 US 25) and *People v Serrano* (15 NY2d 304, 309). The record is plain that all participants believed that the requirements of *Alford* were being complied with and that valid guilty pleas were being entered. Although no factual basis for the guilty pleas was placed on the record, there is not even the faintest suggestion of a factual or legal circumstance which is inconsistent with guilt (cf. *People v Serrano, supra).* In the circumstances of this specific case, the court fully performed its duty of insuring that the pleas were being voluntarily and knowingly offered and since the defendants have failed to show any unfairness in the negotiations and acceptance of the pleas, there is no basis to set them aside (see *People v Francis,* 38 NY2d 150). The sentences, and the denial of youthful offender treatment to appellant Bruno, did not constitute an abuse of the court's discretion and will therefore not be disturbed. Damiani, J. P., Rabin and O'Connor, JJ., concur.

Lazer, J., concurs in the result, with the following memorandum: While I concur in affirmance on both appeals, my grounds as to the defendant Meltzer are limited to the fact that the *"Alford-Serrano"* question was not preserved for review because of that defendant's failure to except to the plea court's procedure or to move to vacate the guilty plea afterwards (see *People v Warren,* 47 NY2d 740; *People v Bell,* 47 NY2d 839). In the totality of the instant circumstances, which included proper procedure by the plea court in dealing with the change of plea on the car service robbery charge, I would not invoke interests of justice analysis to reach the same court's failure to establish a factual basis for the plea of guilty to the indictment relating to the grocery store robbery. Nevertheless, since the "mere mouthing of the word 'guilty' may not be relied upon to establish all the elements of [the] crime" *(People v Serrano,* 15 NY2d 304, 308), I cannot agree that the plea court's obligations were "fully performed" as the majority declares.