■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GATLING, Also Known as ELLIS DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered May 20, 1980, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. Appeal held in abeyance and matter remitted to Criminal Term to hear and report in accordance herewith. Criminal Term shall file its report with all convenient speed. After defendant pleaded guilty, he made a written motion to withdraw that plea, upon bare allegations that he was innocent and that he had been induced to plead guilty by his lawyer and by the nature of the charges pending against him. The minutes of the plea indicate, to the contrary, that defendant admitted his guilt by briefly explaining the facts of the crime, that defendant stated that he had not been forced or threatened into pleading guilty, and that he was doing so of his own free will after consulting with counsel. When the motion to withdraw the plea came on to be heard, the Justice at Criminal Term summarily denied it based upon the statements made by defendant when he pleaded guilty. While the law favors the finality of guilty pleas and they are not to be undone lightly or at the whim of the defendant (cf. *People v Francis,* 38 NY2d 150; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067), a court should not proceed to impose sentence over protestations of innocence without, at the very least, undertaking a "limited interrogation" of the defendant concerning his claim *(People v Tinsley,* 35 NY2d 926, 927). There was no such interrogation in this case. Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.