■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL K. KING, Appellant. — Appeal by defendant from a judgment of the Supreme

Court, Queens County (Browne, J.), rendered February 2, 1979, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence as a second felony offender. Appeal held in abeyance and matter remitted to Criminal Term to hear and report in accordance herewith. Criminal Term shall file its report with all convenient speed. After defendant pleaded guilty, he submitted a *pro se* motion to withdraw his plea on the ground that he was innocent and that the plea was "entered improvidently and through coercion on the part of counsel." On the sentencing date, the court denied the *pro se* motion, stating that a review of the record indicated that defense counsel had done everything he could have done. The court read into the record a portion of the plea colloquy, and upon review of the plea minutes, determined that the allegations in the motion papers were without merit, and that defendant had been adequately and effectively represented by counsel in all proceedings prior to and at the time of his change of plea. When defendant attempted to explain his position, the court did not permit him to speak. While the law favors the finality of guilty pleas and they are not to be undone lightly, a court should not impose sentence over protestations of innocence without at the very least undertaking a "limited interrogation" of the defendant concerning his claim (*People v Tinsley,* 35 NY2d 926, 927; *People v Gatling,* 84 AD2d 539). In this case, the court refused the defendant an opportunity to present his position. The subsequent allocution immediately prior to sentencing did not cure the error. Defendant also claims that he was improperly sentenced as a second felony offender. Although he admitted the prior felony conviction under Indictment No. 7162/72, defendant asserted, before the imposition of sentence herein, that he did not have counsel on the prior conviction (he stated that he "didn't have * * * counsel throughout the whole proceeding"). The issue raised by the defendant, that the prior conviction was unconstitutionally obtained, mandates an evidentiary hearing pursuant to CPL 400.21 (subds 1, 7, par [b]), which shall be held also upon remittitur to Criminal Term. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.