■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered December 7, 1981, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Upon our review of the record, we find that defendant's plea of guilty was given knowingly and voluntarily (see *People v Bruno*, 74 AD2d 577; *People v Brady*, 59 AD2d 744). The sworn court interpreter, whose qualifications were not challenged in the County Court, was present during the proceedings and translated all statements for the defendant. There is no indication in the record that defendant did not comprehend the questions posed by the court or that the interpreter's translation was inaccurate (see *United States v Berrios*, 441 F2d 1125).

Moreover, defendant's objection to the fact that the name of the court interpreter does not appear in the minutes is meritless as the interpreter's identity is provided in the certified "record of conviction". Accordingly, since the record clearly establishes that defendant was aware of the consequences of his plea, that he was not coerced into pleading guilty, and that he committed the acts which formed the basis of the crime, the plea of guilty will not be disturbed on appeal (see *People v Gatling,* 84 AD2d 539; *People v Bruno, supra*). Second, defendant's challenge to the legal sufficiency of the superior court information was not preserved for review on appeal as defendant failed to raise an objection thereto at the County Court (see *People v Martin,* 50 NY2d 1029; *People v Michael,* 48 NY2d 1, 6). In any event, the issue of the sufficiency of the proof to support an accusatory instrument may not be raised on appeal after the entry of a plea of guilty (see CPL 200.15; *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338; *People v O'Neal,* 44 AD2d 830). Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.