*863 OPINION OF THE COURT
Harvey W. Sherman, J.
Motion by the defendant, seeking an order of this court pursuant to CPL 440.10 (subd 1, par [h]) and 440.20 (subd 1) vacating the judgment and setting aside the sentence entered against the defendant on the 15th day of April, 1983, is considered pursuant to the applicable case law and is decided as follows:
CPL 440.30 (subd 5) provides that the court “must conduct a hearing and make findings of fact” unless the motion can be summarily denied based on “uncontradicted allegations” in the papers (CPL 440.30, subd 2) or because the moving papers do not allege “any ground constituting legal basis for the motion” or because the supporting papers are defective for failure to contain “sworn allegations * * * tending to substantiate” the facts (CPL 440.30, subd 4, pars [a], [b]).
The motion papers provide the following factual setting. The defendant was charged with committing the crime of robbery in the first degree, in violation of section 160.15 of the Penal Law, in connection with an incident alleged to have occurred on or about March 29, 1982, under indictment number 905-82. Additionally, the defendant was charged with committing the crimes of burglary in the first degree (Penal Law, § 140.30) and menacing (Penal Law, § 120.15) under indictment number 2376-82. That on or about the 7th day of June, 1982, the defendant was arrested in Portsmouth, Virginia, on a fugitive from justice warrant. At said time the defendant’s wife was also arrested. The defendant alleges that no property was taken from his person but that a “nickel-plated revolver” was recovered from his wife by the Portsmouth City Police. On January 21, 1983 the defendant pleaded guilty as charged to each of the class B armed felonies. At said time the defendant who had pending a detailed omnibus motion, which included a request pursuant to CPL 210.30 to inspect the Grand Jury minutes and dismiss same as not being founded upon sufficient legal evidence, withdrew all of his pending pretrial discovery motions. He was sentenced as a predicate felon on April 15,1983 to an indeterminate term of incarceration with a minimum of five years *864 and a maximum of 10 years as to each plea. The sentences were to run concurrently. Soon thereafter the defendant filed a timely notice of appeal.
The gravamen of defendant’s motion is his allegation that the “nickel-plated revolver” found in the possession of his codefendant, that is, his wife, two months after the incident, “was an inoperable instrument and incapable of discharging live ammunition,” and thus, not a “deadly weapon”. “Based on information and belief, the above-mentioned revolver was the subject of the search warrant that the Defendant/Petitioner believes was issued. Consequently, since a revolver was recovered, this was material evidence in chief * * * The existence of the aforestated ‘nickel-plated revolver’, with its mitigating characteristics, the defendant/petitioner being indicted one month prior to his arrest, and the District Attorney’s statement that there was no property to be introduced in the event of trial, in its entirety necessitates the petition at bar to vacate the Judgment and set aside the sentence.” The defendant considers the recovered weapon to be exculpatory evidence, since said weapon was inoperable, said evidence should have been submitted to the Grand Jury and therefore a robbery in the first degree conviction cannot stand on the basis of such a weapon.
CPL 440.10 codifies the common-law writ of error coram nobis, a remedy designed to inform the court of facts not reflected in the record and unknown at the time of the judgment which as a matter of law would undermine the basis of the judgment (People v Crimmins, 38 NY2d 407, 418). Since this ancient remedy focused on matters outside the record, the courts always held that the writ could not be invoked where the claimed error of law was apparent on the face of the record (People v Kenneth A., 36 AD2d 859, 860). Such errors appearing in the record are easily reviewable on direct appeal. The adequate remedy is the opportunity to appeal. The writ could not be used as an additional appeal or as a substitute for a direct appeal (People v Howard, 12 NY2d 65, 66). Only when a direct appeal was foreclosed because the issue was not presented on the record was this remedy made available to a defendant.
*865 CPL 440.10 retains all of the above principles in its provisions. This court must deny such a motion when: “The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal” (CPL 440.10, subd 2, par [b]). Since the judgment is pending appeal, if sufficient facts appear on the record as to the defendant’s claim, the defendant is pursuing the wrong remedy by this motion.
The court has examined the record, meager as it is, and finds no facts whatsoever to sufficiently permit an appeal of the issue raised. At the time of the defendant’s plea-taking, the allocution as to each indictment was as follows:
“the defendant: Went to the store in Bellport, Meat Market, and I was armed with a weapon. I went in there with my wife. And I placed the gun to this lady’s head, and I relieved her of her cash there * * *
“mr. simón: On the other indictment, charge is burglary in the first degree. And I would like you to state what you did on May 17th, 1982 in Suffolk County, in the dwelling of Barbara Richardson located at 16 Harrison Court, Coram, New York.
“the defendant: It was after an altercation with about ten or fifteen people. I snatched one, put a pistol in his head, took him into a building where I was asking him — I had no permission to be there.
“mr. simón: And the building was in fact a residence, 16 Harrison Court, Coram; Is that correct?
“the defendant: Yes.
“mr. simón: And what did you intend to do inside that building with the gun to this individual’s head?
“the defendant: Speak to the people inside.
“mr. simón: If you found anybody inside who was involved in the prior altercation, you were going to beat him up, weren’t you?
“the defendant: Yes.
“the court: Satisfied?
“mr. simón: Satisfactory, your Honor.”
*866 This court notes that there existed no material factual details articulated by the defendant during his allocution revealing the availability of a potential affirmative defense (Penal Law, § 160.15, subd 4) which would have vitiated the plea of robbery in the first degree. This court is well aware of the recent case law on this subject wherein a defendant during his allocution reveals a potential affirmative defense and the court’s duty to then conduct a further inquiry to elicit said details (People v Serrano, 15 NY2d 304; People v Pellegrino, 91 AD2d 942, affd 60 NY2d 636; People v Reyes, 92 AD2d 776; People v Hassan, 79 AD2d 713; People v Royster, NYLJ, Feb. 2, 1983, p 14, col 2).
However, in each of the above-decided cases it became obvious at the time of the plea or at sentencing that the weapon used was inoperable or the potential for such an affirmative defense became known. When defendants attempted to raise the issue upon direct appeal, the appellate courts either granted the downward modification to robbery in the second degree with the consent of the District Attorney in the interest of justice, or denied the direct appeal as in People v Pellegrino (supra) and counseled the defendant that his remedy “is to move, pursuant to CPL 440.10 and 440.20 to set aside the judgment of conviction and the sentence. At that time defendant will have the opportunity to establish, by way of record, the nature of the weapon used in the robbery.”
So the defendant is procedurally correct in making this motion despite the pending appeal of the judgment.
However, extremely important distinctions exist between the above cases and the case at bar. In all of the cases mentioned the defendants during their sworn allocutions admitted the use of a particular inoperable gun or said inoperable gun was found on their person immediately thereafter during flight from the incident. Nowhere in the petitioner’s moving papers does he admit that the “nickel-plated revolver” was the actual weapon utilized in the crimes charged. The defendant makes a number of clever assumptions which are clearly not substantiated in the record. He asks this court to believe that the weapon recovered from his wife, more than two months after the *867 incident, was the weapon, “which was the subject of the search warrant that the defendant/petitioner believes was issued.” The defendant refuses to personally raise the affirmative defense but asks the court to provide the requested relief anyway. But more damaging to the defendant is his repeated assumption that the “nickel-plated revolver” is the weapon that the police were seeking as the weapon used in the incident. There is nothing in the record to so indicate. In fact the record is to the contrary. In the District Attorney’s response to the defendant’s demand for a bill of particulars as to indictment number 905-82 which seeks a description of the weapon used by the defendant, the response is, a silver colored handgun. Additionally, the time interval between the incident and apprehension is just too long a period for even the most extenuated circumstantial assumption that the weapon recovered was the weapon of the crime.
Since the defendant’s motion refuses to personally connect the weapon to the crime charged, he instead bases his motion on a claim of legally insufficient evidence before the Grand Jury, with withholding of evidence before the Grand Jury which would have accurately appraised some of the degree of culpability attributable to the defendant and in failing to instruct the Grand Jury of the affirmative defense, which would have brought about only a robbery in the second degree indictment. The defendant is asking the grand jurors to assume a fact that the defendant is not willing to admit, that the weapon of the crime was inoperable. The defendant is asking this court to revive his CPL 210.30 motion to inspect the Grand Jury minutes, as to indictment number 2673-82, which he had previously withdrawn at the time of his plea-taking. It is well-established case law that a defendant, by his negotiated plea of guilty, effectively waived and surrendered both the constitutional and nonconstitutional protection of his right to challenge the sufficiency of the Grand Jury minutes (People v Thomas, 74 AD2d 317, 321, affd 53 NY2d 338; see, also, People v Iannone, 45 NY2d 589; People v O’Neal, 44 AD2d 830; People v Craft, 87 AD2d 662; People v Grant, 92 AD2d 985; People v Torres, 96 AD2d 604; People v Vasquez, 97 AD2d 524).
*868 In any event, the court’s denial of his motion as to indictment number 905-82 (Oct. 28, 1982, County Judge Ingraham) was proper because CPL 210.20 permits dismissal of an indictment on the grounds of insufficiency of the evidence before the Grand Jury only where the evidence is “not legally sufficient to establish the offense charged or any lesser included offense” (CPL 210.20, subd 1, par [b]; emphasis added). Even if the defendants’ belated assertion of an inoperable weapon was presented to the Grand Jury the evidence was sufficient to establish defendant’s commission of lesser included offenses.
It appears that as to indictment number 2673-82, since the defendant pleaded guilty pretrial and his motions were never heard or finally decided, there is neither a trial record nor a record on the record. Appellate review is therefore precluded. (People v Charleston, 54 NY2d 622.) Defendant can only seek to review his plea of guilty as to whether it was knowingly and voluntarily given (see People v Bruno, 74 AD2d 577; People v Brady, 59 AD2d 744).
Finally, this court must mention one other potential reason for denying the motion. The defendant has alleged that certain exculpatory evidence was withheld by the prosecution, i.e., the inoperable condition of the alleged weapon utilized during the incidents in question. Evidence is not suppressed or withheld if the accused has knowledge of the facts and circumstances, or if they otherwise become available to him during the course of hearings or the trial (United States ex rel. Thompson v Dye, 221 F2d 763; People v Rosenberg, 59 Misc 2d 1, affd 32 AD2d 1030; People v King, 79 AD2d 992). If the defendant did know of the weapon’s inoperability before the judgment of conviction he should have raised it at the plea. By not doing so the motion to vacate would be denied pursuant to CPL 440.10 (subd 3, par [a]) which states the court may deny the motion: “(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter *869 prior to sentence and the ground or issue in question was not subsequently determined upon appeal.”
Defendant’s motion is therefore denied summarily pursuant to CPL 440.30 (subds 2, 4, pars [a], [b]).