■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL ORDINE, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered November 15, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence as a second felony offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed. As so modified, the judgment is affirmed, and the case is remitted to the County Court, Rockland County, for a hearing pursuant to CPL 400.21 and for resentencing, and for further proceedings pursuant to CPL 460.50 (5).

The defendant claims that his arrest was not supported by probable cause. The evidence needed to establish probable cause for an arrest need not be such as to find guilt beyond a reasonable doubt *(People v Miner,* 42 NY2d 937; *People v Rivera,* 67 AD2d 867) or even a prima facie case *(People v Rivera, supra).* "In dealing with probable cause * * * we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" *(Brinegar v United States,* 338 US 160, 175, *reh denied* 338 US 839; *People v Carrasquillo,* 54 NY2d 248, 254). The police had probable cause to believe that a crime had been committed and that the defendant had committed it *(cf., People v Carrasquillo, supra; but see, People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018). Therefore, the arrest was a proper one and the seizure of the switchblade in the search incident to that arrest was authorized.

The defendant further claims that he was improperly sentenced as a second felony offender. Before the imposition of sentence herein, the defendant challenged the validity of his prior felony conviction by alleging that the jury had been coerced into rendering that prior conviction. As conceded by the People, the defendant's allegation constitutes a constitutional challenge *(see, Matter of Plummer v Rothwax,* 63 NY2d 243, 252-253; *People v Pagan,* 45 NY2d 725). Such a challenge may be sustained even if raised for the first time at a second felony offender hearing and mandates an evidentiary hearing (CPL 400.21 [1], [7] [b]; *People v Wright,* 119 AD2d 973, *lv denied* 67 NY2d 1058; *People v King,* 88 AD2d 938; *People v Hubbard,* 71 AD2d 924).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.