■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ROSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered September 25, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we conclude that the hearing court did not err in denying suppression of the showup identification made by the complainant at the scene of the crime. The showup occurred within 20 to 30 minutes after the burglary, while the complainant's memory was fresh and, under the circumstances, was not unduly suggestive *(see, People v Moore,* 145 AD2d 510; *People v Fabrizis,* 145 AD2d 504; *People v Ellis,* 126 AD2d 663, *appeal dismissed* 71 NY2d 1012). Moreover, we note that an independent source existed for the complainant's in-court identification of the defendant since she had ample opportunity to observe the defendant in close proximity while they were in the well-lit vestibule of the complainant's apartment building *(see, People v Gantt,* 136 AD2d 651, *lv denied* 71 NY2d 896).

Moreover, we reject the defendant's contention that People failed to adduce legally sufficient evidence to establish that he knowingly entered and remained unlawfully in the secured hallway of the complainant's apartment building with the intent to commit a crime therein (Penal Law § 140.25). The complainant testified that after she placed her key in the door leading to the building's hallway, the defendant grabbed her, forced her into the hallway, and struggled with her as she attempted to run up the stairs to her apartment. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we conclude that it was legally sufficient to establish the defendant's guilt.

Finally, we conclude that the sentencing court did not err in adjudicating the defendant a second felony offender without first conducting a hearing, since the defendant did not claim that his prior felony conviction was obtained in violation of his constitutional rights (CPL 400.21 [4]; *People v Moore,* 130 AD2d 375; *cf., People v King,* 88 AD2d 938). Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.