■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MACK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered May 23, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial (Kepner, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a hearing pursuant to CPL 400.21 and for resentencing.

We find no merit to the defendant's contention that he was entitled to suppression of the victim's showup identification of him. The identification took place about 300 feet from the gas station where the robbery occurred and within 10 minutes thereof (see, People v Molina, 140 AD2d 377; People v Redd, 137 AD2d 770).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's challenge to his adjudication as a second felony offender is meritorious. The defendant was entitled to have a hearing with regard to his claim that his prior Connecticut conviction for escape had been obtained unconstitutionally for lack of effective assistance of trial counsel, who had jointly represented the defendant and his codefendants (see, People v Ordine, 130 AD2d 518; People v Wright, 119 AD2d 973, lv denied 67 NY2d 1058). If the court finds that the defendant's constitutional rights were violated, the conviction cannot be used as the predicate for a second felony offender adjudication.

We have examined the defendant's other contentions and find them to be without merit. Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.