■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT HOLDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered December 12, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, there is no indication in the record that the search warrant was issued upon information that was deliberately or recklessly false *(see, Franks v Delaware,* 438 US 154, 164-172). Accordingly, the hearing court properly denied the defendant's motion to controvert the warrant. Equally unavailing is the defendant's assertion that his arrest was not predicated upon probable cause *(see, People v Rivera,* 67 AD2d 867).

The defendant additionally contends that the evidence was insufficient to support the verdict. The record reveals that undercover police officers purchased narcotics in a two-story building located on Clarkson Avenue in Brooklyn. Following the transaction, the defendant and an accomplice jumped from a second-story window in the rear of the building and started to run. The defendant, however, was intercepted by the police. He proceeded to flip a clear plastic bag containing 28 tinfoil packets of cocaine into a pile of rubble. A subsequent search of the defendant resulted in the confiscation, *inter alia,* of a $10 bill with a serial number that matched the "buy money" which had previously been provided to the undercover officer. Viewing this evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the verdict. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and

find them to be without merit. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.