■ The People of the State of New York, Respondent, v Gregorio Cruz, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 3, 1987, convicting him of manslaughter in the first degree, robbery in the first degree, kidnapping in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to CPL 400.21 and resentencing.

The court did not improvidently exercise its discretion in consolidating two indictments. The use of an extremely unusual sawed-off shotgun in both incidents as well as a common location was highly probative of identity and the defendant did not establish by convincing evidence that he had reason to testify with respect to one indictment and not the other (CPL 200.20 [4]; *People v Lane,* 56 NY2d 1).

Similarly, the court did not improvidently exercise its discretion in permitting the admission into evidence of autopsy photographs depicting the victim's dismembered, headless corpse. The trial court properly determined that the evidence was relevant and balanced its probative value against the potential for prejudice *(People v Stevens,* 76 NY2d 833, 835; *People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905). Indeed, the photographs showed the deliberate nature of the defendant's acts and his consciousness of guilt. In addition, the photographs corroborated the testimony of two witnesses whose credibility the defendant had challenged.

Further, the court did not err in declining to charge that a witness was an accomplice either as a matter of law or as a question of fact because there was no reasonable view of the evidence to support such a charge *(see,* CPL 60.22 [2]). Moreover, even if there was a view of the evidence that the witness knowingly assisted the defendant in disposing of the victim's body so as to be guilty of the crime of hindering prosecution as an "accessory after the fact", no accomplice charge would be warranted under CPL 60.22 *(People v Tusa,* 137 AD2d 151, 157-158).

The People concede that the defendant's challenge to his adjudication as a second felony offender is meritorious. Indeed, the defendant should have been afforded a hearing with regard to his colorable claim that his prior conviction had

been obtained unconstitutionally for lack of effective assistance of counsel (see, People v Mack, 148 AD2d 471).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.