◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GIERSZ, Appellant. [616 NYS2d 555] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 17, 1992, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to CPL 400.21 and resentencing.

During the early morning hours of April 11, 1992, three homeless men were drinking vodka in front of a fire they had built in an abandoned warehouse in the Greenpoint section of Brooklyn. Upon hearing a knock at the door, one of the men opened it and the defendant, who was also homeless and known to the others from the neighborhood, entered. Soon thereafter, the defendant displayed a knife and ordered one of the men to disrobe and dance in front of the fire. As the naked man danced, the defendant repeatedly pushed him into the fire and then beat him on the back with a wooden plank. Among other injuries, the victim sustained burns over 13% of his body and was hospitalized for two months.

The defendant claims for the first time on appeal that because the victim and the other two eyewitnesses were so intoxicated during these events, their trial testimony was "wildly inconsistent" and the evidence was thus legally insufficient to sustain his conviction. The defendant has failed to preserve this issue for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858, 859; People v Udzinski, 146

AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We agree with the defendant's contention that he was improperly sentenced as a second felony offender because the court denied his request for a presentence hearing to consider his claim that his prior conviction had been unconstitutionally obtained through ineffective assistance of counsel (see, CPL 400.21 [5], [7] [b]; People v Chestnut, 188 AD2d 480, 481; People v Cruz, 176 AD2d 953, 953-954; People v King, 88 AD2d 938, 939; People v Fraser, 54 AD2d 965). Consequently, we vacate the sentence imposed, and remit this matter for a CPL 400.21 hearing and resentencing.

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.