■ In the Matter of CURTIS H., a Person Alleged to be a Juvenile Delinquent, Appellant. [629 NYS2d 402] —Order of disposition of the Family Court, New York County (Sara P. Schechter, J.), dated February 14, 1994, which adjudicated respondent a juvenile delinquent, upon a finding on February 1, 1994 that he had committed acts which, if committed by an adult, would constitute criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and possession of a gambling device, and which placed respondent with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Order of disposition of the Family Court, New York County (Judith Scheindlin, J.), dated February 14, 1994, which adjudicated respondent a juvenile delinquent, upon a finding on January 24, 1994 that he had committed acts which, if committed by an adult, would constitute unauthorized use of a motor vehicle, and which placed respondent with the Division for Youth for a period of 12 months, unanimously affirmed, without costs.

The Family Court, in denying the motion to suppress and finding that the respondent had committed acts constituting the crimes of possession of a gambling device and criminal possession of a controlled substance in the third and fifth degrees, properly determined that the arrest of the respondent for possession of a gambling device constituted probable cause for the search and seizure, incident to the lawful arrest, of 36 vials of crack cocaine from his person (*People v Davis*, 192 AD2d 360, 362, *lv denied* 81 NY2d 1071; *People v Sweeney*, 73 AD2d 892, 893).

The totality of the circumstances, including the officer having observed the respondent and another individual gambling with dice in exchange for money on the street in violation of Penal Law § 225.30 (2), possession of a gambling device, fully support the conclusion that the police officer had reasonable grounds to believe that the respondent had just committed a crime, thus justifying his arrest and the subsequent search and seizure (*People v Alston*, 178 AD2d 153, 155, *lv denied* 80 NY2d 827; *People v Rivera*, 67 AD2d 867).

Nor did the Family Court, in finding that the respondent committed acts constituting unauthorized use of a motor vehicle err in applying the statutory presumption under Penal Law § 165.05 (1) that a person who uses a vehicle without the consent of the owner is presumed to know that he does not have such consent (*Matter of Brenda D.*, 186 AD2d 65), and in rejecting the inherently incredible and inconsistent testimony of the respondent and his witness that they did not know that their use of the vehicle at issue was unauthorized.

Viewing the evidence in the light most favorable to the presentment agency and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), the evidence adduced at the fact-finding hearing, that the respondent, when arrested, was in the driver's seat of a stolen vehicle whose owner had not given the respondent or anyone else permission to use the vehicle, was sufficient to support the finding that the respondent had committed acts constituting a violation of Penal Law § 165.05, unauthorized use of a motor vehicle (*People v Bradley*, 143 AD2d 276, 277). Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.