■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HERNANDEZ, Appellant. — Order, Supreme Court, Bronx County, entered February 14, 1980, denying the motion to vacate the judgment of the Supreme Court, Bronx County, rendered May 23, 1979, convicting defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the fourth degree and sentencing him accordingly, reversed, on the law, motion granted, plea vacated, original indictment reinstated, and matter remanded for further proceedings consistent herewith. Appeal from the judgment of the Supreme Court, Bronx County, rendered May 23, 1979, dismissed as academic. In a two-count indictment, the defendant was charged with (i) robbery in the first degree (Penal Law, §160.15) and (ii) criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). At the plea, the defendant admitted certain acts showing that he was guilty of robbery in the first degree. The defendant stated, *inter alia,* that he had displayed what appeared to be a pistol in the commission of the robbery. However, during the subsequent colloquy on the possession count the defendant stated that he had possessed a "cap gun" during the robbery. After a Bench conference, the prosecutor and the defense counsel stipulated to amend the second count for possession by inserting the word "imitation" before the word "pistol". The court then amended the second count in accordance with the parties' stipulation. It should be noted that the amendment did not change the crime charged under the second count. The amendment merely specified the fact that an imitation pistol was used. At the end of the hearing, the defendant pleaded guilty to both counts, and eventually he received the sentence covered by the bargain. Upon appeal, the defendant maintains that his statements at the plea indicated that he had an affirmative defense to robbery in the first degree because he did not possess a "loaded weapon" (Penal Law, §160.15, subd 4). The defendant relies principally on the Second Department case of *People v Waddell* (66 AD2d 807). *Waddell* requires the plea court to make further inquiry of the defendant where his version of the crime is not consistent with the charge to which he is pleading. In *People v Serrano* (15 NY2d 304, 309), the Court of Appeals reversed a judgment of conviction where there was an inconsistency upon the face of the record even though a posttrial motion to withdraw the plan was not made by the defendant. However, in recent cases, the Court of Appeals has stated that no error is preserved for review where the issue of inconsistency was not raised by a motion to vacate or otherwise in the court of first instance *People v Warren,* 47 NY2d 740; *People v Bell,* 47 NY2d 839). Thus, that court will no longer, as a matter of law, overturn a judgment of conviction because of a

patent discrepancy between the judgment of conviction and the plea. Similarly, we shall no longer reverse, as a matter of law (CPL 470.15, subd 3, par [a]), simply because such an inconsistency is evident upon the face of the record *(People v Mitchell,* 78 AD2d 608). We, of course, retain our power to reverse, as a matter of discretion in the interest of justice, in the appropriate case. (CPL 470.15, subd 3, par [c].) The defendant in this proceeding did make a *pro se* motion to vacate the judgment on the ground that his version of the occurrence did not reflect all the elements of robbery in the first degree. Specifically, he noted that possession of a "cap gun" is not an element of robbery in the first degree. The court denied the motion for the reason that the issue of law raised by the defendant was a matter for appellate review. The defendant appealed from the judgment of conviction but he never appealed from the order denying his postconviction motion. In order that the legal issue raised by this defendant be considered as a matter of right *(People v Mitchell, supra),* a member of this court, *sua sponte,* has granted him leave to appeal. (CPL 450.15, subd 1; 460.10, subd 4, par [a]; 460.15.) The record does not reveal why the possession count was amended while the robbery count was not amended. It is possible that the defendant deliberately and knowingly chose to plead guilty to robbery in the first degree despite the amendment of the possession count. It is also possible that the court, the prosecutor and the defense attorney completely overlooked the fact that the amendment of the possession count created a doubt as to whether the defendant intended to plead guilty to robbery in the first degree. Under these circumstances, we shall not speculate as to the terms of the plea bargain agreement or as to what might have transpired, off the record, at the Bench conference. Giving the defendant the benefit, we find that he was not informed of the inconsistency in his plea to the robbery count. Therefore, the plea will be vacated, the original indictment will be reinstated and the matter will be remanded for further proceedings consistent herewith. Concur — Murphy, P. J., Kupferman, Ross, Yesawich and Carro, JJ.