942

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PELLEGRINO, Appellant. — Judgment of the Supreme Court, Bronx County (Loguen, J.), rendered December 5, 1977 convicting defendant of robbery in the first degree and sentencing him as a predicate felon affirmed. Defendant pleaded guilty to robbery in the first degree to cover this and another indictment. At the plea proceedings, he admitted that he and his codefendant had robbed a gas station and, in the course of the commission of the crime he or his codefendant displayed what appeared to be a pistol. At the sentence proceedings he was arraigned on an information which charged him with being a predicate felon. After admitting that he was the same person named in the information and admitting the truth of its contents, both defense counsel and the prosecutor addressed the court. The court then proceeded to impose sentence. Prior to doing so, however, he again restated the facts of the crime. In so doing he noted that defendant and his accomplice drove up to the gas station in a van and that "they produced a gun". After locking the complainant in the restroom, they completed the robbery and fled in a van. The police were thereafter notified and they intercepted the van and apprehended both defendants. At that time they recovered "an inoperable lead gun" and approximately two thirds of the cash stolen. On appeal it was urged upon us that since the gun seized at the time of defendant's apprehension was "an inoperable lead gun" defendant could not have been guilty of robbery in the first degree and, hence, the conviction must be reversed. In so doing defendant makes a number of assumptions which are not justified by the record. Defendant asks us to accept as truth that because he possessed an inoperable lead gun at the time of his apprehension, that was the weapon used in the robbery. There is nothing in the record to so indicate. Indeed, there is nothing in the record to indicate the lapse of time between the robbery and the apprehension. We do know that the complainant was locked in the restroom. Some time must have elapsed before the police were notified. Whether there was a third confederate in the van who was dropped off with the gun after the robbery and before apprehension, or whether the persons apprehended stopped off somewhere and dropped off an operable weapon before they were apprehended is a matter of speculation. However, we do know that although $436 in cash was taken in the robbery only $290 in cash was recovered. Bearing in mind that defendant was represented by counsel and there is no contention that his representation was inadequate, we are constrained to accept defendant's admission at the time of plea as the fact. If, indeed, the weapon used in the commission of the robbery was an inoperable one, defendant's remedy is to move, pursuant to CPL 440.10 and 440.20 to set aside the judgment of conviction and the sentence. At that time defendant will have the opportunity to establish, by way of record, the nature of the weapon used in the robbery. We have examined the other issue raised by defendant and find it to be without merit. Concur — Murphy, P. J., Ross, Bloom and Lynch, JJ.

Kassal, J., dissents in a memorandum as follows: I dissent and would reverse and remand for resentencing for robbery in the second degree. Defendant pleaded guilty to robbery in the first degree on an indictment which also included a charge of robbery in the second degree and criminal possession of a weapon in the fourth degree. The plea likewise covered a subsequent indictment. At the time the plea was entered, in response to the summary of the substance of the indictment by the prosecutor, defendant admitted that on

September 17, 1977, while acting in concert with another, he stole property and, in the course of commission of the crime and immediate flight therefrom, "displayed what appeared to be a gun." There was no attempt during the plea allocution to elicit from defendant what had transpired in relation to the crime charged. Following the recitation of the underlying basis for the indictment, the court merely inquired, "Is that what happened" to which defendant responded in the affirmative. Sentencing was deferred to afford counsel sufficient opportunity to ascertain whether there were circumstances of a prior conviction which would militate against conferring upon defendant predicate felony status. At sentencing, it clearly appeared (and was not disputed) that the gun used in the commission of the crime was inoperable, a fact which, had it been disclosed upon the entry of the plea, would have afforded defendant an affirmative defense to robbery in the first degree (Penal Law, § 160.15, subd 4). The condition of the gun, admitted on this record, would have precluded a conviction for robbery in the first degree had defendant proceeded to trial. Defendant, in such case, could only have been convicted of robbery in the second degree, which, as a class C felony, permitted imposition of a minimum and maximum sentence less than the 8- to 16-year term imposed upon appellant herein (Penal Law, §§ 160.10, 70.00, subds 2, 3). Upon this basis, in the interest of justice and as a matter of discretion, the judgment here should be modified to a conviction of the lesser crime of robbery in the second degree and the case remanded for resentencing (see *People v Waddell,* 66 AD2d 807; *People v Hernandez,* 78 AD2d 816). I cannot agree with the majority that the defect in the plea and sentence may be overlooked by reason of the defendant's failure to raise the issue upon the plea or to move to vacate or set aside the sentence pursuant to CPL 440.20. As observed, the plea allocution was far from sufficient here in establishing an admission by defendant as to one of the material elements of the crime charged. Although the cases in this State do not establish any mandatory catechism during the plea (*People v Nixon,* 21 NY2d 338, 353, cert den *sub nom. Robinson v New York,* 393 US 1067), there must be an inquiry by the court sufficient to establish the guilt of the defendant of *the crime* to which he is pleading (*People v Serrano,* 15 NY2d 304). Although inoperability of the gun did not surface here until the sentencing, the court at that point should have advised defendant that his admission did not establish his guilt of the crime to which he had pleaded. This would have apprised defendant and counsel of the necessity for appropriate action on their part to withdraw the plea. In reaching this result, I am not unmindful of the recent dispositions by the Court of Appeals holding that a defect in the plea should be raised by postconviction motion to vacate or otherwise in the court of first instance (*People v Pascale,* 48 NY2d 997; *People v Warren,* 47 NY2d 740; *People v Bell,* 47 NY2d 839). Here, however, the record reflects that at the time the plea was taken, the underlying material factual details of the crime charged were neither articulated by defendant nor elicited by the court. The failure at the time of the plea to ascertain a knowing admission of guilt by the defendant by a full and proper plea allocution undermines the integrity of the guilty plea entered in this case. The result here is to sustain the conviction of a crime greater than that to which defendant could have been found guilty had he proceeded to trial, with the imposition of a sentence greater than that permissible under the concealed facts and circumstances of this case. In the interest of justice and as a matter of discretion, the judgment of conviction should be reversed and the matter remanded for resentencing on the lesser crime of robbery in the second degree.