■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCAS BOUGES, JR., Appellant. (Appeal No 1.)—Judgment unanimously reversed as a matter of discretion in the interest of justice, plea vacated and defendant remanded to Supreme Court, Onondaga County, for further proceedings on the indictment. Memorandum: Defendant was convicted, upon his guilty pleas, of the crimes of attempted murder, second degree, and criminal possession of a weapon, third degree, and sentenced in accordance with the sentence arrangement. Defendant argues for the first time on this appeal that his pleas were not voluntarily and intelligently entered. However, by not raising the issue by motion to withdraw or vacate before the court of first instance, defendant has failed to preserve for appellate review his challenge to the validity of his guilty pleas *(see, People v Pellegrino,* 91 AD2d 942, *affd* 60 NY2d 636; *People v Bell,* 47 NY2d 839; *People v Warren,* 47 NY2d 740; *People v Valencia,* 120 AD2d 629; *People v Marshall,* 118 AD2d 735, *lv denied* 68 NY2d 670). Nonetheless, as a matter of discretion in the interests of justice we exercise our authority to review and we conclude that the judgments of conviction must be reversed, and the pleas vacated.

Where, as here, in pleading guilty to the crime of attempted murder, second degree, defendant cast doubt upon his guilt,

the court should not have accepted the plea until it made further inquiry to ensure that defendant was aware of what he was doing and that the facts justified the plea *(see, People v Nixon,* 21 NY2d 338, 344, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Serrano,* 15 NY2d 304; *People v Wedgewood,* 106 AD2d 674, 676-677). The court failed to make further inquiry upon defendant's protestations of innocence of the crime of attempted murder, second degree, and "a record that is silent will not overcome the presumption against waiver by a defendant of constitutionally guaranteed protections" *(People v Harris,* 61 NY2d 9, 17). The mere mouthing of the word "guilty" was insufficient to indicate that the plea was being entered knowingly and intelligently.

Because defendant's guilty plea to the crime of criminal possession of a weapon, third degree, was part of the negotiated plea arrangement, it too must be reversed. (Appeal from judgment of Supreme Court, Onondaga County, Gorman J.—attempted murder, second degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.