■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD MOORE, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered on September 26, 1985, convicting defendant, following a plea of guilty, of criminal possession of stolen property in the second degree and sentencing him, as a predicate felon, to an indeterminate prison term of 1½ to 3 years, is affirmed.

In seeking reduction of his sentence, defendant asserts that he was improperly found to be a predicate felon. It is his contention that the allocution held in connection with his

prior plea proceeding did not elicit all of the elements of the crime to which he pleaded (criminal possession of stolen property in the second degree) and, therefore, may not now be used to enhance his punishment in the present matter. Although defendant cites *People v Serrano* (15 NY2d 304) as authority for his claim, that case is clearly distinguishable from the one involved herein. In *Serrano,* the Court of Appeals held that a guilty plea may not stand where, in the course of the plea colloquy, the defendant makes statements which cast doubt upon his guilt of the crime to which he is pleading. The record of the allocution at issue in the instant case, however, does not present such a situation. At most, the inquiry into the factual basis for defendant's guilt could have been more detailed, since the trial court did not explicitly ascertain whether he possessed the credit cards in question with the owner's permission or knew that they were stolen. Yet, unlike what occurred in *Serrano,* defendant's admissions in no way contradicted the prosecution's version of events or cast doubt upon his guilt of criminal possession of stolen property in the second degree.

The law is well established that a conviction obtained in violation of one's constitutional rights may not be used to increase punishment for another crime and that an alleged second or third felony offender may challenge the validity of the predicate conviction. *(People v Harris,* 61 NY2d 9.) However, a predicate conviction arising out of a guilty plea will not be deemed defective simply because the Trial Judge did not specifically enumerate all of the rights to which the defendant was entitled and which he might be relinquishing as a result of the guilty plea. *(People v Harris, supra.)* In that regard, there is no requirement for a "uniform mandatory catechism of pleading defendants" *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *see also, People v Harris, supra).*

Similarly, a guilty plea is not rendered invalid where all of the elements of the crime are not described with particularity at the time of the allocution. *(People v McGowen,* 42 NY2d 905; *People v Francis,* 38 NY2d 150.) As the Court of Appeals stated in *People v McGowen (supra,* at 906): "The record shows that he [defendant] admitted committing the acts alleged and his intent is 'readily inferrable' from his statements regarding the circumstances of the crime. Thus the court was not required to make further inquiry before accepting the plea". The fact that defendant here did not, in the predicate case, possess the credit cards with the owner's permission is also

readily inferred from his admissions at the time of the plea proceeding.

In any event, the issue is not, as stated, a constitutional question and is thus not reviewable by us. In a proceeding to determine whether a defendant is a predicate felon, the People have the burden of proving the existence of the previous felony conviction. (CPL 400.21 [7] [a]; *People v Anderson,* 100 AD2d 937.) Here, defendant admitted that he was the person named in the predicate felony information and that he received the stated sentence. Thus, the prior conviction was established. Of course, the prior conviction will not count as a predicate felony if it was unconstitutionally obtained. (CPL 400.21 [7] [b]; *Burgett v Texas,* 389 US 109, 115.) Although defendant's counsel did, at sentence, state that the predicate felony plea was "unconstitutionally taken", he raised only the inadequacy of the factual allocution with respect to the element of knowledge. Specifically, defendant argued that he did not admit to a knowing possession of stolen credit cards. In that regard, defendant has failed to raise a valid constitutional claim. *(See, People v Perkins,* 89 AD2d 956.) Merely invoking the talismanic words, "unconstitutionally taken", will not do. Defendant has never claimed that the guilty plea with respect to the predicate felony was not a knowing or voluntary one. In fact, as the transcript of that proceeding reflects, he was advised of all his constitutional rights. Nor has defendant ever claimed a denial of his right to the effective assistance of counsel in that proceeding. In short, he makes no more than a claim of a factually inadequate plea allocution. Concur—Sandler, J. P., Sullivan and Milonas, JJ.

Ross and Rosenberger, JJ., dissent in a memorandum by Ross, J., as follows: Based upon my examination of the record, I find that defendant was improperly adjudicated a second felony offender.

By New York County indictment, filed February 26, 1985, defendant was charged with the crimes of grand larceny in the third degree (Penal Law § 155.30 [4]), criminal possession of stolen property in the second degree (Penal Law § 165.45 [2]), and theft of services (Penal Law § 165.15 [1]).

Following his indictment, and having received the advice of counsel, defendant pleaded guilty to the crime of criminal possession of stolen property in the second degree, which is a class E felony, in satisfaction of the indictment.

Thereafter, the People filed a statement of predicate felony conviction, which indicated that on June 2, 1983, in the

Supreme Court, Kings County (Richard Goldman, J.), defendant, by a plea of guilty, was convicted of the crime of criminal possession of stolen property in the second degree. When defendant acknowledged that he was the person who had been convicted at that time in Kings County, Criminal Term in New York County stated, without further inquiry, "All right. The defendant is adjudicated a predicate felon". In response to this predicate felon determination, defense counsel objected to the 1983 Kings County plea on constitutional grounds, and New York County Criminal Term denied that objection.

On the day of sentencing, September 26, 1985, defense counsel contended that defendant should not be sentenced as a second felony offender, in view of the fact that the factual allocution in the Kings County plea did not include the elements of the crime of criminal possession of stolen property in the second degree. New York County Criminal Term, without holding a hearing, rejected that argument and sentenced defendant, upon the basis of the prior Kings County conviction, as a second felony offender.

I disagree.

A review of the transcript of the 1983 Kings County case indicates the following colloquy between the court and defendant concerning the subject plea:

| | | |
|---|---|---|
| "THE COURT | : | All right. I can't accept your plea unless you are in fact guilty. Tell me exactly what happened on the date of the crime—of the offense. |
| "THE DEFENDANT | : | I got arrested by Officer Joyce. He picked me up for smoking a cigarette. I told him yes. I was smoking, and I had possession of credit cards in my bag. |
| "THE COURT | : | Do you wish to ask questions, Mr. Saunders [the Assistant District Attorney], in terms of the plea? |
| "MR. SAUNDERS | : | Were you the owner of those credit cards? |
| "THE DEFENDANT | : | No. |
| "MR. SAUNDERS | : | I have no further questions, your Honor. |
| "THE COURT | : | Thank you. Arraign the defendant". |

I conclude that this 1983 Kings County plea is defective, since it lacks an essential element of the crime of criminal possession of stolen property in the second degree, to wit: that the defendant "knowingly possesse[d] stolen property" (Penal Law § 165.45). Although defendant admitted that he was not the owner of the credit cards, he did not admit that he knew that these cards were stolen or that he did not have the owner's permission to possess them. We have held in *People v Lebron* (68 AD2d 836 [1st Dept 1979]), "[w]here intent is an essential ingredient of the crime that element must be admitted, or appear from the defendant's recital of the facts".

Since defendant did not admit that he knowingly possessed stolen property, Kings County Criminal Term "erred in accepting the plea" *(People v Daniels,* 75 AD2d 605, 606 [1980]). The Court of Appeals held in *People v Serrano* (15 NY2d 304, 308 [1965]), "if the circumstances of the commission of the crime as related by the defendant do no clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one". Kings County Criminal Term made no further inquiry, even though, as set forth *supra,* the defendant made no admission that clearly spelled "out the crime to which the plea [was] offered" *(People v Serrano, supra,* at 308).

Although it is well established New York law that no mandatory catechism is required during the plea proceeding *(People v Nixon,* 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York,* 393 US 1067 [1969]; *see also, People v Harris,* 61 NY2d 9, 16 [1983]), unless the questioning by the court is sufficient to establish the guilt of the defendant of the crime to which he is pleading *(People v Serrano, supra),* the plea is invalid.

The majority contends that the case of *People v Serrano (supra)* is clearly distinguishable from the one involved herein. However, the majority concedes "[a]t most, the inquiry into the factual basis for defendant's guilt could have been more detailed, *since the trial court did not explicitly ascertain whether he [defendant] possessed the credit cards in question with the owner's permission or knew that they were stolen"* (emphasis added). In view of this concession of the majority concerning the basic defect in the plea allocution, I fail to understand the legal justification for their affirmance of the adjudication of the defendant as a second felony offender.

Furthermore, with all due respect to the majority, their

allegation that defendant's admissions, quoted *supra,* "in no way contradicted the prosecution's version of events" is not supported by an examination of the seven pages of the Kings County plea transcript, since nowhere in that transcript is it indicated that the prosecution offered any version of the alleged predicate crime.

Moreover, the majority contends that this court may not review the inadequacy of the Kings County plea allocution, because it does not raise a constitutional issue. The sole legal authority they cite in support of this argument is the case of *People v Perkins* (89 AD2d 956 [2d Dept 1982]), which states "[a] challenge to a plea based on an insufficient factual recitation is to be distinguished from a challenge based on constitutional grounds". I find this holding of *People v Perkins (supra)* to be inapplicable herein, since, assuming an insufficient factual plea recitation does not raise a constitutional issue, this court still has the power, "[a]s a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]; *see, People v Hernandez,* 78 AD2d 816 [1st Dept 1980]) to reverse, find the prior plea defective, and remand the matter to Criminal Term for defendant's sentencing as a first felony offender.

As discussed *supra,* defendant's 1983 Kings County plea is fatally defective, as defendant did not admit that he knew that the credit cards were stolen, and an essential element of the crime of criminal possession of stolen property in the second degree is that the defendant "knowingly possesse[d] stolen property" (Penal Law § 165.45).

In the instant case, the defendant did not enter an *Alford* plea, since examination of the Kings County plea transcript does not indicate that Kings County Criminal Term "advised defendant that his admissions were not consistent with the charge of [criminal possession of stolen property in the second degree] and inquired further whether defendant nevertheless wished to plead guilty to avoid the risk of a jury verdict (see *North Carolina v Alford,* 400 US 25)" *(People v Bellis,* 78 AD2d 1014 [1980]).

Accordingly, in view of the fact that the Kings County plea allocution was invalid, I find this an "appropriate case" *(People v Hernandez, supra,* at 817) for us to reverse, as a matter of discretion in the interest of justice, and remand this matter to Criminal Term for defendant to be sentenced as a first felony offender.