THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES RAMOS, Appellant.

First Department, December 5, 1989

APPEARANCES OF COUNSEL

*Ira Mickenberg* of counsel *(Jonathan A. Willens* with him on the brief; Office of the Appellate Defender, attorneys), for defendant-appellant.

*Howard L. Perzan* of counsel *(Ann M. Donnelly* and *Patricia Curran* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

Defendant-appellant appeals from his conviction of attempted robbery in the second degree which was entered upon his guilty plea after his motions to suppress the complainant's identification of him and his statements to the police were denied. The People contend that the defendant has waived his right to appeal as part of the plea bargain and that such a waiver, under the Court of Appeals recent decision in *People v Seaberg* (74 NY2d 1 [1989]), is valid and enforceable.

In *People v Seaberg,* the Court of Appeals could "find no public policy precluding defendants from waiving their rights to appeal as a condition of the plea and sentence bargains" (74 NY2d, at 10, *supra).* Enforcement of the waiver of appellate review as part of a plea or sentence bargain is deemed to advance the State's legitimate interest in seeking a final and prompt conclusion of criminal litigation where the bargain is reasonable and appropriate. *(See, People v Frederick,* 45 NY2d 520, 525 [1978].)* However, the court specified that such a waiver, "to be enforceable, must not only be voluntary but also knowing and intelligent", and the court emphasized the trial court's role in insuring that it meet those requirements "by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused". *(People v Seaberg, supra,* at 11.)

■ The minutes of the plea allocution herein are devoid of any evidence that the defendant's waiver of his right to appellate review was knowing, intelligent and voluntary. Although Supreme Court was careful to elicit confirmation from the defendant that he understood the ramifications of his guilty plea, the trial rights which he would forfeit and the effect on his status as a felony offender should he be convicted of another felony, the court failed to do so regarding the waiver of defendant's right to appellate review. The waiver of

this important right was only raised by defense counsel after the defendant had entered his plea and had been arraigned on the predicate felony statement filed by the District Attorney. Defense counsel merely noted that the record should reflect "that I have agreed * * * as part of this plea bargain, the defendant will not appeal any decision as a result of the pretrial hearings and motions that we have conducted." The defendant was never asked if he had discussed this with counsel, or understood the implications of this waiver, and, most importantly, whether he in fact agreed to it.

In *People v Seaberg (supra),* the Court of Appeals upheld the waiver of appellate review even though the defendant, Seaberg, had not been a participant in the court's colloquy with his lawyer when the details of the bargain, allowing the defendant a conditional discharge if he successfully completed a rehabilitation program for alcoholics, were stated. Other evidence in the record, however, persuaded the court that the defendant appreciated the consequences of the bargain, inasmuch as there had been a seven-month adjournment between the verdict and sentencing in order for the defendant to explore whether he would be eligible for a rehabilitation program. The defendant had ample opportunity after the prosecutor agreed to the sentencing arrangement, to discuss it with his attorney and consider the alternatives. Moreover, before the sentence was imposed, the defendant expressed gratitude for the favorable treatment he had received and his intention to abide by the proposed sentence.

In this case, the defendant's plea was taken only 10 days after Supreme Court denied the motion to suppress his statements, and only two days after his motion to suppress the pretrial identification was denied. Nothing in the record herein indicates that the defendant understood the consequences of waiving his right to appellate review, or that he even knew that this waiver was part of the plea bargain. No one mentioned the waiver of appeal until after the plea had been entered. Defense counsel's agreement with the prosecutor regarding the waiver is all that appears on the record. The court did not inquire whether the defendant knew this was part of the bargain and, understanding its consequences, agreed to it. The matter was not discussed at all.

While there is no mandatory catechism of pleading *(People v Harris,* 61 NY2d 9, 16 [1983]; *People v Nixon,* 21 NY2d 338, 353-355 [1967], *cert denied sub nom. Robinson v New York,* 393 US 1067 [1969]), a waiver should not be presumed from a

record which is silent *(People v Harris, supra,* at 17; *People v Thompson,* 140 AD2d 652, 653 [2d Dept 1988]; *People v Bouges,* 129 AD2d 967 [4th Dept 1987])*. This record does not show that the defendant intended to relinquish a known right. A silent record cannot support the conclusion that the defendant waived an important right, not only voluntarily, but knowingly and intelligently as well. We do not now intend to prescribe any required script for the waiver by a defendant of his right to appeal. The record should establish, however, by the defendant's own statements or responses, or other appropriate showing *(see, People v Seaberg, supra),* that he understands the rights which he is surrendering and that he is, in fact, waiving the right to appeal.

The People, in their brief, have chosen not to address the merits of the defendant's appeal and have limited their argument solely to urging the effectiveness of the defendant's waiver of appellate review. They, nevertheless, request an additional opportunity to brief the substantive points raised by the defendant should this court find, as it has, the waiver of appeal to be ineffective. We will, because some prior rulings have not made our positions totally clear, permit this procedure in this case. It should be noted that such practices result in unwarranted and unnecessary delay in the appellate process. The public policy which discourages piecemeal appeals in criminal proceedings applies equally to prohibit the piecemeal briefing of an appeal. *(See, Matter of James N. v D'Amico,* 139 AD2d 302, 305 [4th Dept 1988].) We will not, in the future, permit any such bifurcated respondents' briefs.

Accordingly, it is found the defendant has not waived his right to appeal from the judgment of the Supreme Court, New York County (Frank J. Blangiardo, J.), rendered November 19, 1987, determination of the appeal is held in abeyance, and the People are directed to file their brief for the February 1990 term of this court.

CARRO, J. P., ELLERIN, WALLACH and SMITH, JJ., concur.

Appeal from a judgment of the Supreme Court, New York County, rendered on November 19, 1987, held in abeyance, and the People are directed to file their supplemental brief for the February 1990 term of this court.