■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN QUINONES, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J., at nonjury trial and sentence), rendered October 7, 1987, which convicted defendant of manslaughter in the first degree and sentenced him, as a second felony offender, to an indeterminate term of imprisonment of from 12½ to 25 years, unanimously affirmed.

We reject defendant's claim that he was entitled to a predicate felony hearing pursuant to CPL 400.21 (7). He alleged that he was not aware that his acts constituted a crime or of the consequences of entering a plea, and that he was experiencing pain in his arm at the time of the plea. The sentencing court reviewed the plea minutes of defendant's predicate felony conviction and found no factual basis for the alleged constitutional challenge to the conviction. Those minutes reflect defendant's acknowledgment of his unlawful conduct in breaking into complainant's premises and acknowledgment of the consequences of his plea, i.e., rights waived as a result thereof. Defendant's guilty plea is not rendered invalid merely because a court upon taking the plea does not specifi-

cally enumerate all the rights to which he is entitled and which he may be relinquishing, or because all of the elements of the crime are not described with particularity *(People v Moore,* 130 AD2d 375, 376 [1st Dept 1987], *affd* 71 NY2d 1002). In any event, no such deficiency exists here. Thus, defendant's allegations did not even raise a constitutional claim *(People v Moore,* 71 NY2d, *supra,* at 1005).

Additionally, the claim that he suffered great pain during the plea allocution on the predicate felony similarly lacks factual support in the record. Defendant has not even presented a claim that the plea was involuntarily obtained because of the pain *(see, People v Frett,* 79 AD2d 991 [2d Dept 1981]).

Last, we reject the claim that defendant's sentence was excessive. We find no abuse of discretion to warrant a reduction. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.