■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE R. BARRY, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 28, 1987, convicting defendant, upon his guilty plea, of burglary in the third degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of from 3 to 6 years, is unanimously affirmed.

The defendant entered a theatre and stole a typewriter. The court promised the defendant a sentence of no more than one year if he had no out-of-State record. Subsequently, it was determined that the defendant had prior felony convictions, and the court withdrew its conditional promise of no more than one year.

The sentencing court imposed a sentence within the limits for the crime committed (Penal Law § 70.06 [3] [d]). Moreover, the court considered the conditional promise but imposed a greater sentence in view of defendant's predicate felon status. This was within the sound discretion of the court *(People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951).

Additionally, Criminal Term had no obligation to adjourn the sentencing since the defendant did not allege any constitutional infirmities in the prior conviction (CPL 400.21 [5], [6]). A predicate conviction arising out of a guilty plea is not defective merely because a Judge failed to enumerate all the rights to which a defendant is entitled *(People v Moore,* 130 AD2d 375). Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.