**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAY YOUNG, Appellant.** [614 NYS2d 271] —Appeal by the defendant from a sentence of the Supreme Court, Queens County (O'Dwyer, J.), imposed March 14, 1991, upon her conviction of criminal possession of a controlled substance in the second degree, upon her plea of guilty.

Ordered that the judgment is affirmed.

The defendant did not effectively waive her right to appeal, because the court made no inquiry on the record as to whether she understood that the waiver was part of her plea agreement or that she agreed to it knowingly, intelligently, and voluntarily (see, People v Callahan, 80 NY2d 273, 283; People v Ramos, 152 AD2d 209). However, the sentence imposed was neither harsh nor excessive (see, CPL 470.15 [2] [c]; [6] [b]; People v Thompson, 60 NY2d 513, 519; People v Suitte, 90 AD2d 80). Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.

(June 10, 1994)

**THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT C. GOTTLIEB, on Behalf of MAURICE McCORMICK, Petitioner, v DISTRICT ATTORNEY OF SUFFOLK COUNTY et al., Respondents.** [615 NYS2d 272] —Writ of habeas corpus in the nature of an application, inter alia, to reduce bail upon Suffolk County Indictment No. 991C-94.

Upon the papers filed in support of the application and in opposition thereto, and after hearing oral argument in support thereof and in opposition thereto, it is

Adjudged that the writ is sustained, without costs or disbursements, to the extent of providing that the $500,000 bail on Suffolk County Indictment No. 991C-94 previously fixed by the Supreme Court, Suffolk County, may be posted either in cash or in the form of an insurance company bail bond in that sum; and it is further,

Ordered that the writ is otherwise dismissed. Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.