■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. CARR, Appellant. [42 NYS3d 884]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 26, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Contrary to defendant's contention, his waiver of the right to appeal "was not rendered invalid based on [Supreme Court]'s failure to require

defendant to articulate the waiver in his own words" (*People v Dozier*, 59 AD3d 987, 987 [2009], *lv denied* 12 NY3d 815 [2009]; *cf. People v Ramos*, 152 AD2d 209, 211-212 [1989]), and defendant's "responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly, and voluntarily waived his right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449 [2013], *lv denied* 21 NY3d 1019 [2013]; *see generally People v Sanders*, 25 NY3d 337, 340-341 [2015]). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Present—Whalen, P.J., Centra, Lindley, NeMoyer and Troutman, JJ.